## REUBEN T. MONK v. JOHN H. HORNE.

1. PROBATE COURT : EFFECT OF RECITALS IN DECREE, OF PROOF OF DUE AND LEGAL NOTICE.—The Court of Probates has power, in a proceeding to sell the land of a decedent, to determine the regularity and sufficiency of the proof of service of notice upon the heirs, and if the decree recites that proof of service of notice on the heirs according to law, was made, it will be presumed, in the absence of proof to the contrary, that the service was duly and legally made.  See *Commercial Bank of Manchester* v. *Martin*, 9 S. & M. 613 ; *Cason* v. *Cason*, 31 Miss. R. 578.

2. SAME : NOT NECESSARY TO DESCRIBE SPECIFICALLY LAND ORDERED TO BE SOLD TO PAY DEBTS.—It is not necessary that the land of a decedent should be specifically described, in a decree of the Court of Probates ordering a sale of it for the payment of debts : it is sufficient, if the descriptive terms used be comprehensive enough to embrace it : and hence, when the decree directed a sale " of

the lands and mills belonging to the deceased," it is a sufficient authority to sell any land belonging to the deceased in the jurisdiction of the court.

3. HIGH COURT : PRACTICE : EXCEPTIONS TO EVIDENCE MUST BE SPECIFIC.—Where a party objected to the admission of a record from the Probate Court, decreeing a sale of the lands of a deceased person, and of the deed made in pursuance thereof, upon the grounds, 1st, that it did not appear that due notice had been given to the heirs; and, 2d, that the decree was void because it did not sufficiently describe the land : he will not be permitted in this court, to allege for the first time, as a further objection, that it did not appear that the sale had ever been confirmed.

ERROR to the Circuit Court of Wayne county. Hon. W. M. Hancock, judge.

*W. P. Harris*, for plaintiff in error,

Cited *Bland* v. *Muncaster*, 24 Miss. R. 62; *Smith* v. *Denson*, 2 S. & M. 326; *Johnson* v. *The Planter's Bank*, 7 Ib. 449; *Dillingham* v. *Jenkins*, Ib. 479; *Commercial Bank of Manchester* v. *Martin*, 9 Ib. 613; *Gelstrop* v. *Moore*, 26 Miss. R. 206; *Root* v. *McFaren*, 37 Ib.

*T. J.* and *F. A. R. Wharton*, for defendant in error.

HANDY, J., delivered the opinion of the court.

This was an action of ejectment brought by the plaintiff in error, as heir at law of his father, Thomas Monk, deceased.

On the trial, the plaintiff showed title in his father, and that he died seised of the premises.

The defendant claimed title under a sale made by the administrator of the father, in virtue of a decree of the Court of Probates of Wayne county, directing the sale of the lands of the decedent for the payment of his debts, the personalty being insolvent. And in order to establish that title, he offered in evidence what is called an "extract" from the minutes of that court, showing the appointment of Wiley Monk as administrator of the decedent's estate, his petition representing the personal estate to be insolvent, and praying a decree for the sale "of the real estate, of which the said Thomas Monk died seised," an order that notice should be given to all persons interested in the real estate of said decedent, to appear at a stated term and show cause why the same should not be sold

for the payment of debts, and that publication of that order should be made in a specified newspaper, and a copy of the same posted in three public places in the county, at least forty days before the said term; a decree rendered at September term, 1844, referring to the previous order made at July term, 1844, requiring persons interested to show cause against the decree for the sale of "the lands and mills belonging to the estate of Thomas Monk, deceased," reciting that "proof of publication had been made according to law, and that legal notice had been given to the heirs and all persons concerned," &c., and decreeing the sale of the said mills and lands, also a memorandum and certificate showing that a "set of mills (grist and saw), situate on the Backatanny, and the land thereto belonging," had been sold to John H. Horne for $2500.

To the admission of these records, the plaintiff objected, on the specific grounds, 1st, that it did not appear by the same, that the plaintiff had ever had any notice of said proceedings; and 2d, because the land sued for was not mentioned or described in said records. The objection was overruled, and exception taken.

The defendant then offered in evidence the deed made by the administrator to him, reciting the decree of sale,—the notice and sale to the defendant,—the report of the sale by the administrator to the court, and its confirmation by the court, and particularly describing the lands sold and conveyed as those embraced in the decree of sale; which deed was acknowledged and recorded. To the reading of this, the plaintiff objected, because it did not appear from the records of the Probate Court, that the administrator had authority to sell the lands mentioned in the deed. The objection was overruled, and exception taken.

The objections made, in both instances, to the admission of the evidence offered, are substantially the same.

The first is, that the record offered did not sufficiently show, that the notice to the parties interested in the real estate of the decedent, was published and posted according to law.

It is true, that the evidence showing the performance of those acts, is not set out in the record. But the decree states that proof was made of the publication according to law, and that legal notice had been given to the heirs. The regularity and sufficiency of this evidence were matters which the court had the power to determine;

and in the absence of evidence showing to the contrary, upon well-settled principles, its judgment upon the question must be presumed to be right.    Hence it has been held in various cases in this court, that such recitals in decrees are at least *prima facie* evidence of due and legal notice.    *Comm. Bk. of Manchester* v. *Martin et al.*, 9 S. & M. 613; *Cason* v. *Cason*, 31 Miss. 578; *Root* v. *McFaren*, at October term, 1858.

The other objection is, that the real estate is not specified in the notice to the heirs, and in the decree for the sale.    This objection appears to be based on the ground of uncertainty in the description of the real estate.    The decree directs the sale of ": the lands and mills belonging to the estate of Thomas Monk, deceased."    This was general and comprehensive, and it included all the lands and mills belonging to the decedent within the jurisdiction of the court. It was not necessary that the lands should be specifically described in the decree, if the terms of designation employed were sufficiently comprehensive to embrace it; for the general description of the lands ·includes a part of them.    Under the general description in the decree, it was competent to sell any real estate and mills belonging to the deceased within the county; and it is shown by the report of the sale, and the testimony of the defendant, that the lands, which are particularly described in the deed of the administrator as the lands and mills sold under the decree, constituted all the land owned by the decedent in that county.

The assignments of error founded on these objections are, therefore, not tenable.

Another objection is urged here, to the sufficiency of the evidence to establish the title of the defendant under the administrator's sale.    It is, that the record does not show that the sale was confirmed by the Probate Court.    But this objection cannot avail the plaintiff under the state of case presented by the record.

In the first place, no objection was made to the admission of the evidence of the defendant on this ground.·    The objections specified to the admission of the evidence when it was offered, were those above stated: and the ground of the motion for a new trial, was in substance, the admission of the record of the Probate Court, for want of notice to the plaintiff as the party interested.    He is not to be permitted to allege here another objection against the compe-

tency of the evidence; for if this had been made in the court below, it might have been obviated by sufficient evidence. Secondly, it appears that only "extracts" from the records of the Probate Court were offered in evidence, and if the objection had been made in the court below, the defendant might have shown, a confirmation by the Probate Court, on an application by that court of the proceeds of the sale to the purposes of the administration. And it is quite probable that this was the case; for the deed of the administrator recites a confirmation by the court, and no objection to it on that ground was made by the plaintiff.

Upon the record as presented, the judgment is correct and must be affirmed.