RICHARD N. SHEFFIELD *v.* JULIETTE FRIEDBERG ET AL.

CHANCERY PRACTICE. *Process. Injunction writ. Service. Pro confesso.* Code 1892, §§ 549, 3414, 3418.

> The service on a defendant of an injunction writ, granted on a bill in equity seeking to restrain defendant from committing trespasses, and demanding damages and the statutory penalty for cutting trees, the same not being a summons and not containing the requisites of one (Code 1892, §§ 3414, 3418), does not authorize the granting of a pro confesso to the bill (Code 1892, § 549), although the writ, naming no return-day, commanded the defendant to appear and answer the bill.

FROM the chancery court of, second district, Bolivar county. HON. CARY C. MOODY, Chancellor.

Mrs. Friedberg and others, appellees, were complainants in the court below; Sheffield, appellant, was defendant there. From a final decree, predicated of a *pro confesso*, the defendant appealed to the supreme court.

The bill alleged that complainant was the real owner of certain lands described in the bill, and that Sheffield had no right or claim whatever to the land, but that, without the consent of complainant, he willfully, knowingly, and without authority from complainant, entered upon the land, and cut down and destroyed and took away a number of white oak trees, and split them into staves; that the staves were then piled on the land, and Sheffield refused to allow complainant to remove them; that complainant had a right to remove the staves and sell them, and that Sheffield was threatening to forcibly prevent the removal of the staves from the land. The bill states that there were 7,760 staves, and that they were worth $45 per thousand, and that Sheffield was liable to complainant for the statutory penalty of $15 per tree. The bill prayed for the issuance of a writ of injunction restraining Sheffield from any further interference with complainant's right, and specially enjoining him from interfering with complainant's right to remove the staves from the land. Upon this bill the writ of injunction was granted by a circuit judge. The writ of injunction contained the following clause: "And the sheriff of said county is hereby directed to serve notice of this injunction upon the said R. N. Sheffield in the manner required by law, and to make return thereof to the clerk of the chancery court at Cleveland, Miss., and to summon the said R. N. Sheffield to appear before said chancery court and answer the complaint filed against him." Upon this writ the sheriff made the following return: "Executed personally by handing R. N. Sheffield a true copy of the within writ this 25th day of May, 1903." At the June term, 1903, of the chancery court of Bolivar county, a decree *pro confesso* was entered against defendant. On the 21st of December, 1903, a notice to take depositions was served on the defendant, and the deposition of one Denton was taken as to the number of trees cut and the number and value of the staves. On January 5, 1904, a final decree was rendered adjudging the property of the staves to be in complainant, and

decreeing against Sheffield the statutory penalty of $15 per tree, amounting to $1,290, and the injunction was made perpetual.

*J. W. Cutrer,* for appellant.

Sheffield, defendant below, had no such sufficient legal notice as would entitle appellees, complainants below, to a decree by default against him.

This court has affirmed and reaffirmed, again and again, that defendants must be properly summoned. *Thomas* v. *State,* 62 Miss., 184; *Semmes* v. *Patterson,* 65 Miss., 6; *French* v. *State,* 53 Miss., 651; *Woodliffe* v. *Connor,* 45 Miss., 552; *Heirmann* v. *Stricklin,* 60 Miss., 234; *Betts* v. *Baxter,* 58 Miss., 329; *Acme, etc., Co.* v. *Vandergrift,* 70 Miss., 91; *Faison* v. *Wolfe,* 63 Miss., 24; *Hargus* v. *Bowen,* 46 Miss., 72.

How was the appellant here, defendant below, to know when to appear? If this were an appeal from the circuit court, it might be argued that the return-day is fixed by law, but in chancery, under Code 1892, § 3418, the plaintiff has an alternative: He can have the process made returnable on "a rule-day in vacation, or on the first day of the term of court." Process should be complete on its face; otherwise the opportunity for error is manifest.

In the present case the appellant, a lumberman who had spent many of the years of his life in the woods, was ignorant and unaccustomed to the law and its requirements. He was handed the copy of the writ of injunction, which was "Greek" to him, and informed by the officer serving it that he was enjoined from removing certain staves from certain land. This command he religiously obeyed; then he went quietly on with his work, awaiting the next move of the appellee, complainant below. To his amazement, he is shortly afterwards informed that a decree *pro confesso* has been rendered against him, and that he has not only lost the value of his staves, but that a statutory penalty of $15 per tree for every tree he has felled

has been assessed against him, and this without regard as to whether he is in the right or in the wrong.

The summons did not inform him when he was to appear and defend his rights, and he naturally, therefore, directed his attention to the injunction, which was real, and not to the summons, which was hardly even apparent.

Sec. 549, Code 1892, contains a very clear statement of the time when a defendant is required to answer: "On or before the first day of the term, if the process be returnable to a regular term of the court; and if the process require the appearance of the defendant on a rule-day in vacation, the defendant shall plead, etc., on or before the rule-day next succeeding that to which the process is returnable."

Where no return-day is stated in the summons, another difficulty arises. There is no certain time set for the hearing, unless complainant and defendant agree on one; and, suppose the complainant agrees that where the return-day is omitted in the summons the process shall be considered returnable to the next term of court, has the complainant the right to take a decree *pro confesso* at an intervening rule-day and trust to luck that, in a dispute over the matter, his word will outweigh the defendant's?

This lack of a return-day in the summons begets another difficulty: no proof can be taken until after the time for answering shall have elapsed. In the present case, where no return-day is stated, when will the time for answering have elapsed? If the decree in this case be approved, then this court will be compelled to say in effect that the complainant had the option of stating when the return-day was, without consulting any one; and that at any time before his first appearance in court he had the privilege of changing his mind, and changing it, furthermore, just so often as he pleased.

The proper wording and service of process is a serious matter. The manner in which it shall be done is specified by statute, and this court has always insisted that such statutes

be strictly followed. "If a writ is made returnable on no day whatever and judgment is entered by default, such judgment is irregular for want of notice." 22 Am. & Eng. Ency. Law, 191; *Bobb* v. *Graham,* 4 Mo., 222.

*Moore & Clark,* for appellee.

The defendant, Sheffield, was summoned to answer the bill. The writ of injunction issued contained the following clause—to wit:

"And the sheriff of the said county is hereby directed to serve notice of this injunction upon the said R. N. Sheffield in the manner required by law and to make return thereof to the clerk of the chancery court of the said county at Cleveland, Miss., and to summon the said R. N. Sheffield to appear before said chancery court and answer the complaint filed against him." Upon this writ is endorsed the following service—to wit:

"Executed personally by handing to R. N. Sheffield a true copy of the within writ this 25th day of May, 1903. Signed W. A. Shelby, Sheriff, by W. J. Wooten, D. S."

At the June term, 1903, of the chancery court a decree *pro confesso* was entered against the defendant. Afterwards, on the 5th day of January, 1904, final decree was rendered, as shown by the record herein, in favor of the appellees, adjudging the property of the staves to Friedberg, and decreeing against the said Sheffield that he be required to pay to Friedberg, the said appellee, $15 per tree, amounting to $1,290, and ordering execution for said sum, and the injunction was also made perpetual.

Process was duly issued upon the original bill and personal service had on the defendant. No separate summons was issued, but the writ of injunction itself contained a clause commanding the sheriff to summon the defendant to answer the bill, and this was duly executed by personal service on the defendant. Code 1902, § 3439.

TRULY, J., delivered the opinion of the court.

The decree *pro confesso* was improperly taken.   Sec. 916, Code 1892, provides that when an injunction is issued the fiat of the judge or chancellor granting the same "shall authorize the issuance of the process or writ returnable to the proper court or before the proper officer."   In the instant case the fiat of the circuit judge granting the injunction did authorize the issuance of the necessary process, and ordered the same to be made returnable before the chancery court having jurisdiction; but none was issued, other than the writ of injunction, and that gave no notice of the claim for damages, or of the statutory penalty demanded by the bill of complaint, and named no date when the defendant was required to appear and plead, demur, or answer thereto, as required by Code 1892, § § 3414–3418.   This was not a summons, in the meaning of the law, and imposed no duty upon the defendant.   *Joiner* v. *Bank,* 71 Miss., 382; 14 South., 464.   The object of a summons is to inform the defendant what is required of him under the law, and at what time and before what court he shall appear to make his defense.   The writ served upon appellant in this case did not impart this information.   It might well be that the defendant, not desiring to contest the issuance of a writ of injunction, and not being advised that any demand for damages or for a personal decree was contained in the bill of complaint, would not care to make any defense to the pending action, but would be willing that the same should go against him by default.   Sec. 549 of the code provides that, after process is returned executed, "if the defendant shall fail to plead, answer or demur at the time required," the complainant's bill may then "be taken as confessed against such defendant." But here there was no "time required" by the writ served upon defendant, commanding him to appear at any stated time, no return day was stated in the writ, and therefore no *pro confesso* could properly be taken.

It follows that, as the chancery court never obtained juris-

diction of the person of appellant, all subsequent proceedings in the case were void. We expressly decline to consider or decide any of the other questions presented by this record.

*The case is reversed, the decree pro confesso vacated and set aside, the injunction retained until final determination, and the cause remanded for a hearing upon the merits.*