GULF & S. I. R. Co. *v.* F. L. RILEY MERCANTILE Co.*

(Division B.   April 20, 1925.   Suggestion of Error' Overruled May 25,
1925.)

[104 So. 81.   No. 24864.]

1. EQUITY.   *Service on defendant, of injunction writ not containing
   statutory requisites for chancery summons, does not give juris-
   diction so as to authorize decree pro confesso.*
   The service on a defendant, of an injunction writ not containing
   the requisites of the statute providing for a chancery summons
   (section 3919, Code of 1906 [Hemingway's Code, section 2920]),
   does not authorize the granting of a decree *pro confesso*, because,
   without such a summons or its equivalent in the injunction writ,
   the court cannot acquire jurisdiction over the defendant.

2. APPEAL AND ERROR.   *On showing by record that fact in question was
   adjudicated upon evidence deemed sufficient by court, adjudica-
   tion cannot be impeached on appeal; record showing court's ad-
   judication of existence of fact essential to its jurisdiction is con-
   clusive on appeal.*
   The law presumes that the judgments and decrees of courts are
   founded upon sufficient evidence, and, although there is the ab-
   sence of such evidence in the record, still, if it appear from the
   record that the fact in question was adjudicated upon evidence
   deemed sufficient by the court, such adjudication cannot be im-
   peached on appeal; and this presumption of law in favor of the
   correctness of judgments and decrees applies as well to judg-
   ments and decrees adjudicating jurisdictional facts as to others;
   and, if the record show that the court adjudicated that a fact
   existed, the existence of which was essential to the court's acquir-
   ing jurisdiction over the part, the record is conclusive as against
   attack on appeal.

3. APPEAL AND ERROR.   *Presumed that defendant had been duly sum-
   moned on appeal from final judgment reciting due service of
   summons.*
   Where a cause is heard in a court of equity on the pleadings and
   proofs, and from the final judgment therein, reciting due service
   of summons upon the defendant, there is an appeal therefrom
   to the supreme court by the defendant, the record of which ap-
   peal does not contain the evidence adduced on the trial, it will be

presumed that the defendant had been duly and legally summoned, and the court had thereby acquired jurisdiction of him.

*Headnotes 1. Equity, 21 C. J., Section 939; 2. Appeal and Error, 4 C. J., Sections 2288, 2665, 2670, 2739; 3. Appeal and Error, 4 C. J., Sections 2672, 2675.

Appeal from chancery court of Jefferson Davis county. Hon. T. P. Dale, Chancellor.

Suit by the F. L. Riley Mercantile Company against the Gulf & Ship Island Railroad Company. From a decree for plaintiff, defendant appeals. Affirmed.

*J. T. Wills,* for appellant.

The chancellor's *fiat* authorizing the issuance of the injunction does not direct that the writ be returnable to any court, as is required by section 712, Hemingway's Code. It does not direct the issuance of any other process. The writ of injunction, is not returnable to any court at any time or place. It does not require the appearance of defendant at any time or at any place. This was all the process that was ever issued, and none other was ever served on the defendant. No summons whatever was ever issued or served, and the defendant did not appear in court, and the *pro confesso* and the final decree were taken *ex parte.* There was no summons issued or served as required by section 2920, Hemingway's Code.

We submit that this is not sufficient service on the defendant, and inasmuch as defendant did not appear, no decree could be taken against it. This case is settled and controlled by the case of *Sheffield* v. *Friedberg et al.,* 84 Miss. 188, 36 So. 242. Because of the lack of sufficient service in the case, we submit that it was error to render the *pro confesso* decree and the final decree, and for that reason the decree should be set aside, and the case should be reversed and remanded.

*Livingston & Milloy,* for appellee.

Our contention is that inasmuch as appellant has failed to have the stenographer's notes transcribed and made a part of the record, and having failed to make motion or to take any action whatever to have the decrees *pro confesso* and final set aside in the chancery court, it is now impossible for this court to find that the court below erred in finding that the process was regular in all respects. It will be noted that the lower court found as a matter of fact that appellant had been duly served with process more than five days before the beginning of the regular 1924 December Term of the chancery court of Jefferson Davis county, and therefore, it occurs to us that this finding on the record of the cause as made before him is presumed to be supported by the completed record, and cannot now be impeached. This was express- ly so held in the case of *Berry, et al.* v. *Dampier, et al.,* 131 Miss. 893, 95 So. 744.

The case at bar is wholly unlike *Sheffield* v. *Friedberg, et al.,* 84 Miss. 188, 36 So. 242, cited by opposing counsel. In the *Sheffield case, supra,* the court had before it the entire proceedings, and there was no other record of the cause so far as we are advised.

ANDERSON, J., delivered the opinion of the court.

This was a bill by the appellee, F. L. Riley Mercantile Company, against appellant, Gulf & Ship Island Railroad Company, brought in the chancery court of Jefferson Davis county, for a mandatory injunction against ap- pellant to require delivery by the latter to the former of certain freight, about the delivery of which there was a controversy between the parties. There was a decree *pro confesso* and final decree against appellant, from which it prosecutes this appeal.

The bill sought to enforce the delivery of the freight in question to appellee, and for the recovery of damages

against appellant for its alleged wrongful failure to make delivery theretofore.   The chancellor gave his *fiat* for the issuance of a temporary injunction upon the giving of a bond by the appellee, conditioned according to law to be approved by the clerk.   The bond was given by appellee, and the temporary injunction issued and served upon appellant.   So far as appears of record, this was the only process issued and served in the case.   There is no affirmative showing in the record that the regular chancery summons required by statute was issued and served upon appellant.   The injunction writ contained no command to appellant to appear and defend the cause. At the next regular term of the chancery court of the county, the appellant failing to appear, a decree *pro confesso* was taken in the usual form, adjudging (quoting the language of the decree in part) "that said defendant had been duly served with process of summons more than five days before the beginning of the present term of court, and the defendant having failed to appear and answer or make defense to the suit within the time allowed by law but on the contrary wholly made default," and that therefore the allegations of appellee's bill be taken and considered as true.   Thereafter at the same term of the court, the cause was set down for final hearing by appellee, "on original bill, exhibits thereto, personal service of process, decree *pro confesso* and oral proof."   There was a trial and a final decree reciting a hearing on bill, exhibits, decree *pro confesso,* and oral proof, and adjudging appellee to be entitled to the relief prayed for, which relief was awarded.

The statutory method of making the oral evidence a part of the record for the purpose of appeal was not adopted by appellant, neither was any other method adopted to make the oral evidence had on the trial a part of the record for appeal.   The record simply contains the original bill, exhibits thereto, *fiat* of the chancellor, injunction bond, and temporary injunction, the

return of service thereon upon appellant, order to set down, the decree *pro confesso,* and final decree.

Appellant contends, on the authority of *Sheffield* v. *Friedberg,* 84 Miss. 188, 36 So. 242, that the decree appealed from was rendered without authority of law because appellant had not been brought into court by summons as provided by section 3913, Code of 1906 (section 2920, Hemingway's Code); that without the issuance and service of the summons provided by said statute, or the voluntary appearance of the defendant, the chancery court cannot acquire jurisdiction of the person of the defendant. It was held in that case that the service on the defendant of an injunction writ not containing the requisites of the statute above referred to did not authorize the granting of a decree *pro confesso,* although the injunction writ, naming no return day, commanded the defendant to appear and answer the bill. In that case it affirmatively appeared from the record that no summons had been issued or served upon the defendant. In the present case, although no summons appears in the record, nevertheless the decree *pro confesso* expressly recites that such summons was duly issued and served upon appellant more than five days before the return term of the court. Appellee contends that every presumption must be indulged in favor of the validity of the decree appealed from.

The evidence upon which judgments and decrees of courts are founded is not necessarily a part of the record nor required to be shown by the record. The law presumes they are founded on sufficient evidence, and, in the absence of such a showing by the evidence in the record, still, if it appears from the record that the fact in question was adjudicated upon evidence deemed sufficient by the court, such adjudication cannot be impeached on appeal. And the presumption of law in favor of the correctness of judgments and decrees applies as well to judgments and orders adjudicating jurisdictional facts as to others. If the record show that the court adjudi-

cated that a fact existed, the existence of which was essential to the court's acquiring jurisdiction over the party, the record is conclusive as against attack on appeal. 4 C. J. 742, section 2675; *Cannon* v. *Cooper,* 39 Miss. 784, 80 Am. Dec. 101; *Monk* v. *Horne,* 38 Miss. 100, 75 Am. Dec. 94.

Every fact necessary to the validity of the decree appealed from will be presumed to have been before the trial court unless the contrary appear in the record. As stated, the cause was tried on original bill, exhibits, decree *pro confesso* and oral testimony. It may have been shown to the court, on the trial by the oral testimony, that the required summons was duly issued, served, returned, and had been lost or destroyed. The decree *pro confesso* recites that to have been the fact. Will now on appeal that solemn judgment of the court be set aside on the mere absence from the record of the required summons? We think not. To do so would be treating the solemn judgment of the court with little consideration and effect.

*Affirmed.*