MISSISSIPPI POWER CO. *v*. RUSSELL.

(Division A. Feb. 26, 1934.)

[152 So. 847. No. 31087.]

Eaton & Eaton, of Gulfport, and Wilbourn, Miller & Wilbourn, of Meridian, for appellant.

**S. C. Broom,** of Jackson, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

The appellant sued out a writ of replevin before a justice of the peace by which it sought to recover a Hot Point water heater valued in the affidavit at forty dollars, and an electric range valued in the affidavit at sixty dollars. The officer executed the writ, took the property into his possession, and, on the defendant, appellee here, giving bond therefor, surrendered the possession to him.

Afterwards, the appellant—without necessity therefor—filed a declaration in replevin in the justice of the peace court, in which, in addition to the recovery of the property, it prayed for damages for the detention thereof.

There appears in the record, without any intimation as to how it got there, it not being referred to as an ex-

hibit either to the affidavit or the declaration, a sales contract from which it appears that the appellant sold to the appellee a water heater valued at one hundred forty dollars and ninety-five cents, and a range valued at two hundred twenty-six dollars and eighty cents, on deferred payments, reserving title thereto until paid for, with the right to repossess them on failure to pay any installment of the purchase money, and to sell them for application of the proceeds to pay the debt therefor.

When the case came on for trial before the justice of the peace, he dismissed it, reciting in the judgment as his reason therefor, ''The amount involved being more than two hundred dollars in value.''

The plaintiff, appellant here, appealed to the circuit court, which rendered the following judgment: ''Coming on to be heard motion of defendant to dismiss this cause for want of jurisdiction, which being heard, and understood by the court, and the court being of the opinion that said motion is well taken and should be sustained, It is thereupon considered and ordered by the court that said motion be sustained and said cause is dismissed and plaintiff, Mississippi Power Company, a corporation, is taxed with all costs expended in this cause to be taxed by the clerk for which let all proper process issue.''

The jurisdiction of a justice of the peace in an action of replevin is determined, in so far as the value of the property is concerned, by the value thereof stated in the affidavit on which the writ issues, and he has jurisdiction thereof if the alleged value does not exceed two hundred dollars, unless it is made to appear that the value of the property exceeds two hundred dollars, and was fraudulently undervalued in the affidavit for the purpose of conferring jurisdiction. This is a question of fact to be determined from the evidence.

We are not called on to decide whether the value of property should ordinarily be inquired into and de-

termined on a motion to dismiss for want of jurisdiction, or determined from the evidence when the case is tried on its merits, for the record discloses no objection to the procedure in the court below.

The judgment does not disclose what, if any, evidence was heard by the court, and none such appears in the record, but we must presume that evidence justifying the judgment was introduced in support of the motion. Gulf & Ship Island R. R. Co. v. Riley Mercantile Co., 139 Miss. 158, 104 So. 81.

Affirmed.