## Fox v. Fairchild et al.

(Division A. Nov. 5 1923. Suggestion of Error Overruled Dec. 17, 1923.)

[98 So. 61.  No. 23456.]

GUARDIAN AND WARD. *Laws authorizing guardians to sell or compromise "claims" due wards includes claims for wrongful death.*
The power conferred on chancery courts by section 2421, Code of 1906 (Hemingway's Code, section 1982), to authorize guardians to sell or compromise claims due their wards, includes claims arising *ex delicto* as well as claims arising *ex contractu*, including claims for damages for a wrongful death arising under chapter 214, Laws of 1914.

APPEAL from circuit court of Jones county.

HON. R. S. HALL, Judge.

Action by H. L. Fairchild, next friend, and others, against D. B. Fox. From a judgment for plaintiffs, defendant appeals. Reversed and remanded.

*Shannon & Schauber,* for appellant.

The appellant assigns as error the refusal of the lower court to grant him a peremptory instruction. The appellant assigns as error the action of the lower court in sustaining plaintiff's demurrer to the special plea filed by defendant, setting up the releases executed by the guardian on behalf of each plaintiff under the authority of the chancery court.

Since Hon. R. H. Thompson, of the Jackson, Mississippi Bar, has filed in this cause, as *amicus curiae,* an elaborate brief on the authority of a guardian to compromise claims of his ward, either with or without authority of the chancery court, we shall not attempt to treat this phase of the subject in our brief, but will merely content ourselves with replying to the argument advanced, and the authorities cited, by counsel for appellees on the trial of the case in the court below.

We submit that the authorities cited in the brief of
Judge R. H. THOMPSON, which is on file in this cause,
shows beyond controversy that under the common law, as
adopted by the state of Mississippi, and as upheld by the
decisions of this court, a guardian can, without first ob-
taining the consent of the court, compromise and settle
all claims, both tort and contract, due his ward, and ac-
quit the debtor of, or obligor to, his ward, of further lia-
bility to the ward.    Judge THOMPSON, in his brief, also
discusses the origin of the statutes of this state authoriz-
ing the guardian to compromise claims or demands due his
ward, and also · analyses the decisions rendered by this
court under said statutes.

*Robert H. Thompson, Amicus Curiae.*

The attorneys for appellant in this case, and the chief
justice of this court having consented to his so doing, this
brief is presented to the court by the writer.  ·It is due the
court that he should state, as he now does, that his interest
in the case arises from the fact that he has for many years
been the general attorney of the Alabama and Vicksburg
Railway Company, and that company with his approval
has made several settlements with guardians of claims al-
leged to be due their wards, the validity of some of them
depending upon a question of law presented by the record
in this case.

Has a guardian, either by the common law or by stat-
ute, the power to compromise and settle claims and de-
mands due his ward and acquit the debtor of or obligor to
his ward of further liability to the ward?   Of course col-
lusive settlements made *mala fide* are not under considera-
tion ; but there is no pretense shown of record that the com-
promise settlements and acquittances pleaded in this cause
were not made in perfect good faith and for a valuable con-
sideration.

That guardians at common law had power to compromise and settle all claims due their wards including *ex delicto* demands, and discharge the debtor or obligor, is abundantly established by the authorities.

Schouler on Domestic Relations (1870 Edition), p. 463, announces in bold terms that guardians have the power, meaning at common law, to compromise claims due their wards. Perry on Trusts (3 Ed.), sec. 482, says: "A trustee (a guardian is a trustee) may generally, acting in good faith, release or compound a debt due to his trust estate." This, of course, is said of common-law power, for the author goes on to speak of statutes on the subject. In 3 Wait's Actions and Defenses, p. 549, it is said: A guardian "may compromise or release a debt due his ward, when he acts in good faith and for the ward's benefit," citing authorities.

"But in no event is an infant bound by the fraudulent compromise of his guardian."

In 12 Ruling Case Law, p. 1130, sec. 28, we are told that: "It is almost a necessary incident to the duty of the guardian to enforce his ward's rights and collect claims due to him that the guardian should have the power to compromise such claims if they are disputed or if it seems impossible to collect them in full. This power is universally recognized and sustained, if the compromise be a reasonable one and made in the honest effort to promote the ward's interest."

· An excellent recent authority on the subject is the case of *Nashville Lumber Company* v. *Barfield,* 93 Ark. 353, s. c. 124 S. W. 785, s. c. 20 Am. and Eng. Ann. Cases, 968. The Arkansas supreme court's opinion is a clear and admirable statement of the law. It commends the above quoted paragraph from Ruling Case Law.

Guardians have not been deprived of their common-law power to compromise claims due their wards, whether arising *ex contractu* or *ex delicto,* by any statute of this state.

The only statutes now in force having any pertinency to the question under consideration are Mississippi Code 1906, section 2065, Hemingway's Code, section 1730, empowering the chancery court, on petition for that purpose, to authorize executors and administrators in advance to sell or compromise any claim not readily collectible belonging to the estates represented by them respectively; and Mississippi Code 1906, sec. 2421, Hemingway's Code, sec. 1982, making the section empowering the court to authorize in advance executors and administrators to compromise or sell claims due their estates applicable to guardians.

Our statutes, Mississippi Code 1906, sec. 2065, Hemingway's Code, sec. 1730, and Mississippi Code 1906, sec. 2421, Hemingway's Code, sec. 1892, empower the court to approve in advance compromises and settlements of claims arising *ex delicto* as well as those arising *ex contractu.*

The statutes are broad enough to embrace and surely do embrace claims of every character due wards. The word "claim" in the statute is of course used in its ordinary acceptation and meaning (Code 1906, section 903) and when so used it includes a demand arising *ex delicto* as well as *ex contractu* demands. If, however, the word "claim" has any technical meaning, it is defined by the supreme court of the United States as being: "The assertion of a liability (of another) to the party making it to do some service or pay a sum of money." *Prigg* v. *Pennsylvania,* 16 Pet. (U. S.) 539, 10 L. Ed. 1060.

All causes of action are embraced in the word "claim." *Northwestern, etc., Bank* v. *State,* 18 Wash. 73; s. c. 42 L. R. A. 33, s. c. 50 Pac. Rep. 586, 587. The word is synonymous with "cause of action." *Ellis* v. *Flaherty,* 65 Kan. 621, s. c. 70 Pac. Rep. 586, 587; *Reddock* v. *State,* 68 Wash. 329, s. c. 123 Pac. 450, 451, s. c. 42 L. R. A. (N. S.) 251; *Newberry* v. *Wilkinson,* 190 Fed. 62, 66, 67. The word embraces demands arising out of a tort. *Bradley* v. *City*

*of Eau Claire,* 56 Wis. 168, s. c. 14 N. W. Rep. 10, 11.    Of
the word "claim" it is said:    "It is well understood that
a claim against the United States is a right to demand
money from the United States."    *Hobbs* v. *McLean,* 117
U. S. 567.

This definition of claim against the United States has
been followed in later Federal cases as in *Milliken* v. *Bar-
row,* 65 Fed. 888, 894.    The compromises, settlements and
acquittances pleaded in this case cannot be collaterally at-
tacked.    The chancery court had jurisdiction of the parties
and of the subject-matter presented by its record.

Nor can the effect of the chancery court proceedings and
decrees be escaped by plaintiff's claiming that the court
in the rendition of its decrees was exercising a special,
limited and statutory jurisdiction, and that its records
(if it be true) do not show all the facts necessary to its
exercise of jurisdiction over the subject-matter.

When it is said that compromises and settlements made
by a guardian fraudulently are not under consideration,
it is not intended by any means to admit that where the
party with whom the compromise is made has acted in
good faith that his acquittance and discharge is not per-
fectly valid.    On the contrary, his acquittance and dis-
charge has full legal effect.

It is respectfully urged that the court below erred in
adjudging the compromises, settlements and discharges
pleaded ineffectual and void.

*N. T. Currie, Currie & Currie,* and *D. M. Watkins,* for
appellees.

The right of action alleged in the declaration was created
and the remedy provided by chapter 214, House Bill No.
8, of the Acts of the legislature of the state of Mississippi,
passed in 1914, and approved February 6, 1914.

The right of action is, therefore, statutory and created
by the following provisions of said act:    "Whenever the
death of any person shall be caused by any real wrongful

or negligent act, or omission, or by such unsafe machinery, way or appliances as would, if death had not ensued, have entitled the party injured, or damaged thereby to maintain an action and recover damages in respect thereof, and such deceased persons shall have a widow or children, or both, or husband or father, or mother or sisters, or brother, the person or corporation, or both that would have been liable if death had not ensued, and the representatives of such person shall be liable for damages, notwithstanding the death, and the fact that death was instantaneous shall, in no case affect the right of recovery." This act not only created the right of action. It went further than that. It created the remedy.

The whole subject-matter of this suit is statutory. The statute creates: (A) The right of action; (B) The remedy; (C) Confers jurisdiction of it upon the circuit court; (D) Designates the personal injuries to which it shall apply; (E) Exempts from the debts and liabilities of the deceased the damages recovered provided the deceased leaves as heirs any of the persons named in the statute; (F) Fixes the manner in which the damages recovered shall be distributed; (G) And then provides: "If the deceased have neither husband, or wife, or children, or father, or mother, or sister, or brother, then the damages shall go to the legal representative, subject to debts and general distribution;" (H) Finally declares "the fact that the deceased was instantly killed shall not affect the right of the legal representative to recover."

It is manifest upon the face of the statute that every element of this case from the creation of the right and remedy to the final disposition of the damages recovered is regulated and fixed in the statute. Where the remedy is statutory only, every court which takes jurisdiction for its enforcement is limited in its powers by the statute under which alone it can act.

A chancery court has no inherent or original jurisdiction of a right of action for the recovery of damages for the death of a person negligently killed. The right and the

remedy are not only statutory, but they were created by the same statute and at the same time, and this being true the remedy composes and is a part of the right of action itself, and the statute is exclusive and must be strictly construed.

We cite the following authorities: Paragraph 710, Lewis' Sutherland Statutory Construction, Volume 2, Second Edition: "Statutes which give an action for wrongfully causing the death of a person are in derogation of the common law, and, according to the general rule, should be strictly construed." *Thornburg* v. *American Strawbord Co.,* 141 Ind. 434, 43 N. E. 1062, 50 Am. St. Rep. 334. Paragraph 573 (400). "Statutes in derogation of the common law. Such statutes as take away a common-law right, remove or add to common-law disabilities, confer privileges or provide for proceedings unknown to the common law, are strictly construed."

At common law, the chancery court, as such, never did have jurisdiction of a right of action or claim for damages for the death of a person negligently killed. There is no statute in the state of Mississippi conferring original jurisdiction upon a chancery court of a right of action or a claim for damages for the death of a person negligently killed.

Where the remedy is statutory only, every court which takes jurisdiction for its enforcement is limited in its powers by the statute under which alone it can act. 1 Ency. of U. S. Sup. Ct. Reports, page 109; *East Tenn., etc., R. Co.* v. *So. Tel. Company,* 112 U. S. 306, 28 L. Ed. 746.

The chancery court as such had no inherent or original jurisdiction of the right of action alleged in this case, or of a claim for damages for the death of a person negligently killed, and if by force or implication it "took" jurisdiction, in the exercise of that jurisdiction it was limited strictly to the enforcement of the remedy provided in the statute.

The contention of the appellee is that the word "claim" as used in section 1982, Hemingway's Annotated Missis-

sippi Code 1917, section 2421, Mississippi Code 1906, is the same as the meaning of the word "claim" in section 1774, Hemingway's Annotated Mississippi Code 1917, section 2106, Mississippi Code 1906, and section 1730, Hemingway's Annotated Mississippi Code 1917, section 2065, Mississippi Code 1906, and especially the word "claim" as used in these statutes, and particularly in section 1892, Hemingway's Annotated Code 1917, section 2421, Mississippi Code 1906, refers only to claims arising out of contracts, either express or implied, and does not include a right of action or a claim for damages for the death of a person negligently killed.

In regard to the brief filed by our venerable friend, as the friend of this court, we here and now point out the fact that he has cited no case in which the point involved for decision was even similar to that involved in this case, in which the claim had not already been reduced to judgment, and thereby, under all law, become a debt, or arose *ex contractu.*

We emphasize this point, because it is vital, and we pray the court to bear it in mind as it reads the cases from our own state cited in his brief. Moveover, he does not cite in his learned brief a single solitary case from our own state dealing directly with the question now in debate. Nor, indeed, could he cite any, for the reason there is no case in our own state contrary to those cited and relied upon by the appellee.

The pretended order of the chancery court undertaking to authorize L. F. Fairchild, as guardian, to settle the liability of B. D. Fox, to the minors named in the declaration for the death of Wilfred W. Fairchild was granted on January 10, 1919.

The letters of guardianship were issued January 21, 1919. L. F. Fairchild was not the guardian of these minors when the pretended order authorizing him as such to make settlement was granted.

But if L. F. Fairchild had been the guardian he had no authority, under the law, as such, to institute any

proceeding in any court with respect to the liability created by the statute in this case. The statute provides that the suit may be brought "in the name of the personal representative of the deceased person, for the benefit of all persons entitled under the law to recover," and the words "personal representative" mean "administrator" and do not include, and were not intended to include the guardian of a minor.

The venerable friend of the court argues that the guardian, L. F. Fairchild, had the right at common law, to settle on behalf of his wards independently of any statute and of any court, and that settlement made by him, in good faith, was valid and binding under the common law. The special plea did not plead, and was not intended to plead an act of the guardian based upon common law and executed by the guardian by virtue of the common-law authority vested in him. The special plea is clearly and distinctly, by express averment in it, based upon this pretended chancery court proceeding, resting not upon the common law, but upon the statute of this state, empowering a chancery court to authorize a guardian to sell or compromise under the conditions specified in the statute the "claim" of his ward. The proceedings averred in the special plea and set out in the exhibits are statutory throughout, and do not comply with the statute.

The appellant was not entitled to a peremptory instruction. *Whitney* v. *Cook,* 53 Miss. 551; *Ills. Gen. R. R. Co.* v. *Boems,* 12 So. 23; *McCoughn* v. *Young,* 37 So. 839; *Farmer* v. *Cumb. Tel. & Tel. Co.,* 38 So. 775; *Laurel Mer. Co.* v. *M. & O. R. R. Co.,* 40 So. 259. "It must be a rare case of negligence which should be taken from the jury."

Argued orally by *C. L. Shannon,* for appellant, and, by *N. T. Currie* and *D. M. Watkins,* for appellee.

SMITH, C. J., delivered the opinion of the court.

This is an action at law brought by the appellees, minors,

by a next friend to recover of the appellant damages for the death of their brother, Wilford Fairchild, an employee of the appellant, whose death is alleged to have been caused by the wrongful act of the appellant. A special plea by the appellants sets forth that H. L. Fairchild was duly appointed guardian of the appellees, naming them, and by authority of the proper chancery court and "for a valuable consideration executed a release and discharge to this defendant for all causes of action or suits the said Osie Lena Fairchild, the said Ivan Fairchild, the said Condie Fairchild, and the said Duffie Fairchild might then have against this defendant on account of any alleged injury sustained by their said brother, the said Wilford Fairchild, deceased."

A copy of the decree of the chancery court authorizing the settlement and of the release executed by the guardian were filed with the plea, from which it appears that the consideration for the release was the payment to the guardian of the sum of sixty-two dollars and fifty cents for each of the guardian's wards. A demurrer to this plea was sustained, and the cause proceeded to trial, resulting in a judgment for the appellees in the sum of ten thousand dollars.

Under section 2421, Code of 1906 (Hemingway's Code, section 1982), a guardian may be authorized by an order of a chancery court or chancellor to sell or compromise claims due their wards.

The only contentions of counsel for the appellees to which we deem it necessary to specifically respond are: (1) That the claims which the statute empowers the chancery court or chancellor to authorize a guardian to settle are such only as arise *ex contractu;* and (2) that the chancery court is without jurisdiction to determine the amount of the damages recoverable for a wrongful death, the right to which is created and measured by chapter 214, Laws of 1914.

The contention that damages arising *ex delicto* are not

within section 2421, Code of 1906 (Hemingway's Code, section 1982), is based upon the decisions of this court that the word "claims" in the statute dealing with the probate of claims against the estate of a, decedent does not embrace claims of that character. An examination of those decisions will disclose that the ground thereof has no application here. The language of 'the statute here in question is broad enough to cover claims of every character, and the authority thereby conferred upon the court to authorize the settlement of claims is one that is peculiarly appropriate to such as are of an unliquidated character.

The order of the chancery court by which appellees' guardian was authorized to settle their claims against the appellant was not rendered in a proceeding to enforce their right of recovery against the appellant under· the statute creating it, but was simply an order approving a prospective adjustment thereof which had been agreed on by the appellant and their guardian. It is beyond doubt that each adult beneficiary entitled to share in the damages for a wrongful death under chapter 214, Laws of 1914, has the right to compromise and settle his claim therefor, and section 2421, Code of 1906 (Hemingway's Code, section 1982), was meant to confer upon the court the power to authorize guardians to settle for their wards any claims the wards could settle for themselves were they adults.

The judgment of the court below will be reversed, and the cause remanded.

*Reversed and remanded.*