EASTMAN-GARDNER Co. *v.* LEVERETT.*

[106 So. 106. No. 25090.]

(Division B. Nov. 30, 1925.)

1. JUDGMENT. *Recital of prior "filing" of petition conclusive on collateral attack, notwithstanding clerk's notation.*

On collateral attack on decree, removing disability of minority, its recital that cause came on to be heard on petition therefor, and that petition was considered, is conclusive that petition was filed—that is, lodged with the clerk—prior to rendition of decree, notwithstanding clerk's notation thereon of filing on later date.

2. INFANTS. *Petition for removal of disability held sufficiently signed.*

Hemingway's Code, section 301, and Laws 1918, chapter 123, *held* more than satisfied by petition for removal of disability of minor, signed by him, by aunt as next friend, by mother individually, and by minor brother and sister, by their mother as next friend.

---

*Headnotes 1. Judgment, 34 C. J., Section 847; 2. Infants, 31 C. J., Section 43.

APPEAL from circuit court of Simpson county.

HON. J. A. TEAT, Special Judge.

Action by Floyd M. Leverett against the Eastman-Gardner Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

*C. S. Street* and *J. C. Street,* for appellant.

The court erroneously refused to admit in evidence the petition of appellee for the partial removal of his disability of minority, the decree based thereon, the agreement to settle and the evidence that appellant had fully complied with the terms of said agreement. If the decree of the chancellor is valid, then it follows that the agreement and settlement made thereunder are valid and binding and this evidence should have been admitted and the peremptory instruction requested by appellant should have been given. The only question to be considered with reference to the decree is whether or not it is void, as was claimed by counsel for appellee on the trial in the lower court and with which the court agreed in sustaining the objection to its introduction.

The proceedings for the removal of the disabilities of minority are purely statutory and if the requirements of the statute are followed and complied with, the proceedings are valid unless rendered invalid for some reason outside of the record. It will be noted that the proceedings in this case were had after section 545, Code of 1906 (section, 302, Hemingway's Code) had been amended by chapter 123, Laws of 1918. The petition recited all of the jurisdictional facts required by the statute and we are unable to see why it does not comply with the law in every respect. The argument was made in the lower court by counsel for appellee that appellee's sister and brother, who joined in the petition, were incapable in law of joining as co-petitioners because of their minority. This position is unsound. The statute says if *any* *two* of such kindred, (that is, the nearest of kin within the third degree) shall unite with him in his application, it shall not be necessary to make any person defendant thereto.

As a matter of fact, however, in the present case the petition still shows that the two nearest of kin joined in the application, even if the two minors should be eliminated—that is, the next nearest of kin. The mother

141 Miss.—7.

joins in the petition in her own person and the aunt joins as next friend for the minor, the petition stating that the father is dead, and in *Bazor* v. *J. J. Newman Lumber Co.*, 97 So. 761, this court held that parties to the petition might be joined in the dual capacity of next friend and nearest of kin.

So we submit that the petition in this case clearly and fully sets out all the jurisdictional facts and the parties required by the statute join in the application and it is in all respects sufficient and valid. As was said in the *Bazor case, supra,* the cases of *Jackson* v. *Jackson,* 105 Miss. 868, 63 So. 275; *Hardy* v. *Pepper,* 128 Miss. 27, 90 So. 181; and *Milham* v. *Higdon,* 131 Miss. 260, 95 So. 433, do not apply because the statute has been amended since these cases were decided.

*Collateral attack on decree.* We understand the rule to be that if the decree is void, it may be attacked at any time, but if it is valid, and unquestionably this is, then this was a collateral attack on the decree which could not be made. *Vicksburg Gro. Co.* v. *Brenan,* 20 So. 845; *Moore* v. *Ware,* 51 Miss. 206; *Criscoe* v. *Adams,* 85 So. 119, 123 Miss. 37; *Adams* v. *Adams,* 102 Miss. 259, 59 So. 84; *Martin* v. *Miller,* 103 Miss. 75, 60 So. 772.

We are confident that the court will hold the decree valid and, therefore, not subject to collateral attack in this manner.

*E. L. Dent* and *Hirsch, Dent & Landau,* for appellee.

I.   The court did not err in holding that the proceeding for removal of disability of minority is void.

It is conceded that the appellee was a minor when injured and when the settlement was made. Therefore, if his disability of minority was not legally removed, he could make no legal or valid settlement for the various injuries received. In considering the question of removal of disability of minority, refer to sections 301 and 302, Hemingway's Code, as amended by chapter 123, Laws of 1918.

The court will observe that under this section an unamended application for removal of disability shall be in writing by the minor by his next friend, and *"when such application or petition shall be filed,"* the clerk of the court shall issue process, etc. Chapter 123, Laws of 1918, requires the application to be in writing and if the applicant has no kindred within the prescribed degree, as required by section 301, Hemingway's Code, or if two of such kindred known to him or his co-petitioners shall unite with him in his application, *which must be filed as required by section 301 Hemingway's Code,* it shall not be necessary for the applicant to make any person defendant thereto. The act then provides that the court shall proceed to investigate the merits of such application. When the decree relating to the removal of appellee's disability of minority was taken, on which the appellant seems to stake its case, no written application for the removal of disability of minority of appellee had been filed in any court.

The court will observe that this decree was taken in vacation at Hickory, Mississippi, *on August 18, 1920.* No application or petition had been filed in any court at this time. The chancellor could not know that appellee wanted his disability of minority removed without the filing of a petition to this effect. This is necessary before the chancellor could render a valid decree. *Barber* v. *Monier,* 71 Miss. 726; *Hardy* v. *McClelland,* 53 Miss. 507; *Smith* v. *Dry Goods Co.,* 79 Miss. 226. The decree shows none of the jurisdictional facts. The decree does not show the age, residence or relationship of any of the parties. This, we submit, is fatal to the validity of the decree. *Steen* v. *Steen,* 25 Miss. 513; *Marks, Rothenberg & Co.* v. *McElroy,* 56 Miss. 545; *Lake* v. *Perry,* 95 Miss. 550, 49 So. 569; *Jackson* v. *Jackson,* 105 Miss. 868, 63 So. 275; *Boykins* v. *Collins,* 37 So. 248; *Bank* v. *Hoyt Bros.,* 74 Miss. 221.

There appears to have been a petition filed in the chancery court of the second district of Jones county, Mississippi, on August 19, 1920, one day after decree was

signed by the chancellor at Hickory, Mississippi. This petition, however, is not sufficient. It nowhere appears that this is the petition before the chancellor when he rendered his decree at Hickory. It bears no date. It is not filed or numbered, as required by section 270, Hemingway's Code. It is not joined in by two of appellee's nearest adult kin, as the law requires. Mrs. Maudie Bond does not join in said petition, except as a representative of the minor. The two minor children could not join in said petition so as to make it effective and give the court jurisdiction. See Griffith's Miss. Chancery Practice, section 45, page 48; *Rea v. Englesing,* 58 Miss. 463. We are not making a collateral attack on the decree. Our position is that it is void. *Lake* v. *Perry,* 95 Miss. 550, 49 So. 569.

We, therefore, submit that the court below did not commit error in holding that decree attempting to remove the appellee's disability was void and, therefore, incompetent. This being true and the appellee being a minor, of course, no legal or valid settlement could be made with him which precluded a recovery.

*C. S. Street,* in reply, for appellant.

Counsel present two reasons seeking to show that the lower court was correct in excluding the petition and decree from evidence: (1) That the filing date appearing on the petition seems to be the day after the date of the decree; and (2) that the minor co-petitioners could not join in the application because of their minority.

As to the first question, it is well settled in this state that it is not necessary to actually write the word "filed" and the date on a paper presented for filing; that this is a mere clerical act of the clerk; that it is sufficient if the paper is actually *lodged* with the proper official, and that the petition in this case had been actually filed and was before the chancellor when he signed the decree is shown by the highest and best proof that could be produced, viz: the recitals in the decree itself. By reference to

the decree the court will note that it begins with the words, "This cause this day coming on to be heard *on the petition,* etc.," and further, the decree recites that "the chancellor *having heard and considered said petition, and being fully advised in the premises, etc."* This is final and conclusive that the petition had been filed and was before the chancellor, but the decree would be valid if the petition bore no filing date at all, and this being true, surely it is not made invalid by the fact that the clerk in the performance of a mere ministerial duty may have made an error in the date, or however it may have happened. The law was complied with when the petition was actually filed and presented to the chancellor and that this was done is conclusively shown by the decree. *G. & S. I. R. R. Co.* v. *F. L. Riley Mer. Co.,* 104 So. 81.

On the second question, counsel say that the petition was not "joined in by two of appellee's nearest adult kin as the law requires." We think a sufficient answer to this is that the law does not require that the petition be joined in by two of the nearest *adult* kin. The language of the statute is that it will be sufficient "if *any two* of such kindred known to him shall unite with him in his application," and if the next nearest of kin happen to be minors themselves, as the petition shows was true in this case, they *must* be joined in the application; otherwise, it would not be compliance with the statute. A reading of the cases cited by counsel in support of their contention will show that most of them were decided before the statute was amended by chapter 123; Laws of 1918, and the others are not applicable.

We think there is no merit in appellee's contention that the decree is void, and he has cited no authority sustaining his contention.

Argued orally by *J. S. Street* and *C. S. Street,* for appellant and *R. L. Dent,* for appellee.

Holden, P. J., delivered the opinion of the court.

The Eastman-Gardner Company appeals from a judgment for five thousand dollars in favor of Floyd M. Leverett, for personal injuries received on account of the alleged negligence of the appellant while the appellee was employed in the operation of appellant's saw-mill.

The injury was alleged to have been caused by the blowing off of the cylinder head of what is called the shotgun feed for the carriage, which struck appellee on his right leg, causing him to lose the leg and suffer other serious injuries therefrom.

There are several errors assigned with reference to the trial below, but we find it unnecessary to consider but one question, the decision of which will reverse the judgment, and that is whether or not the plea of accord and satisfaction of the defendant below should have been allowed, or whether the trial court was correct in refusing to admit the evidence showing the settlement between appellant and appellee for the injuries complained of. So we will go immediately to the vital question in the case.

After the plaintiff below had made out his case, the defendant, under the plea of accord and satisfaction, offered to show that the appellant, Eastman-Gardner Company, had settled and fully satisfied the plaintiff by having paid the plaintiff two thousand five hundred dollars and other large sums of money and benefits, that the two thousand five hundred dollars was paid in weekly payments of sixteen dollars and fifteen cents each for a period of three years, and that plaintiff and his family were furnished a house to live in during this period by the defendant; and, under this plea, the defendant offered to show further that "the plaintiff and defendant, on the 19th day of August, 1920, signed and delivered each to the other a written agreement whereby the defendant agreed to pay the above sums to the plaintiff

and to carry out all other provisions, and the plaintiff
agreed to accept same in full settlement for all claims
for damages against defendant arising from such in-
juries," and that the defendant had fully complied with
the agreement, and had paid plaintiff the amounts agreed
to be paid, and had carried out the contract in every
other respect, in consideration of which the defendant
had been released in the premises.

When this testimony was offered by the defendant be-
low, the plaintiff objected to it on the ground that there
had been no settlement with the plaintiff because he was
a minor at the time of the injury and alleged settlement
and was incapable of making a legal and binding settle-
ment with the defendant; and the court sustained the
objection on the ground that the plaintiff was a minor
and was incapacitated to act, and that his disability as
a minor had never been removed, and that therefore the
contract of settlement was void.

The defendant offered to show that the plaintiff, when
nineteen years of age, filed a petition with the chan-
cellor, praying that his disability as a minor be partially
removed so that he might make a settlement with the
appellant lumber company, as to damages sustained
by him on account of personal injuries received while
employed in the mill of appellant; that the petition was
duly filed and considered by the chancellor, who decreed
that the disability of minority be partially removed so
that a settlement for the injuries could be legally made
between the sawmill company and the appellee, Leverett.

When the petition and decree were offered in testi-
mony by the appellant herein, for the purpose of show-
ing that the appellee was capacitated to make the set-
tlement, which appellant claimed was made, the appel-
lee objected to this evidence, and the court sustained the
objection on the ground that the attempted removal of
disability was void upon the face of the proceedings, and
for that reason was inadmissible.

It appears that about a year after Leverett was injured in the sawmill of appellant, and when he was nineteen years of age, he and his mother and other relatives decided to settle the claim for damages for the injuries to Leverett, and to that end they prepared a petition for the removal of Leverett's disability so that he might legally settle the claim; and they all joined in and presented a petition for that purpose, and a decree was rendered upon the petition partially removing the disability of minority, so that Leverett could legally make a settlement of his claim, and, after the decree was rendered, Leverett did make the settlement for two thou sand five hundred dollars cash to be paid at the rate of sixteen dollars and fifteen cents per week for three years, and he was to receive certain house rent and other benefits from the appellant lumber company, all of which he received as a consideration for full release of all liability by the appellant lumber company on account of the personal injuries.

The petition for the partial removal disability of minority is as follows:

"State of Mississippi, Jones County, Second District. "In the Chancery Court of said District of Said County and State—In Vacation.

"*Ex parte Floyd Monett Leverett et al.*

"To the Honorable G. C. Tann, Chancellor of the Second Chancery District:

"The petition of Floyd Monett Leverett, a minor of the age of nineteen years, by Mrs. Maudie Bond, his aunt and next friend, and also Mrs. Carrie Lee Leverett, his mother, and Stella Leverett, a minor of the age of sixteen years, and Herschell Leverett, a minor of the age of eleven years, sister and brother, respectively, of said Floyd Monett Leverett, and who join herein by Carrie Lee Leverett, their mother, all of whom are citizens and residents of the second district of Jones county, Mississippi.

"Petitioners would respectfully show that the said Floyd Monett Leverett, on or about October 29, 1919, was employed by Eastman-Gardner Company, a corporation, at Laurel, Mississippi, and had the misfortune of having his right leg injured so that it had to be amputated above the knee, and the said Eastman-Gardner Company has already spent considerable sums of money in treating said minor and in taking care of him, and is willing to pay him the further sum of eight hundred forty dollars per year for three years from this date in one hundred fifty-six equal weekly payments, and in addition thereto agrees to furnish said minor and his mother and brothers and sisters a house to live in for the said three years from this date, free of rent and free of expenses of upkeep, etc.; said house being the one now occupied by said parties in the city of Laurel, Miss.

"The petitioners regard said settlement offered by Eastman-Gardner Company as fair, just, and equitable, and they desire to accept it, but, because of the minority of the said Floyd Monett Leverett, he is unable to accept same and sign a valid and binding release for damages for his injury.

"Petitioners show that said Floyd Monett Leverett is a bright and intelligent boy, with a good education, and is fully competent and capable of taking care of himself in a business transaction of this kind, that the father of said minor is dead, and it is averred that this proposed settlement will be for the best interest of said minor, and will enable him to complete his education and equip himself for the responsibilities of life.

"Wherefore, the premises considered, petitioners pray that your honor will inquire into the matters herein averred and grant a decree partially removing the disability of minority of said Floyd Monett Leverett so as to authorize him to make the settlement with said Eastman-Gardner Company hereinabove referred to, and to sign any and all documents relating and pertaining thereto, so that the same, when signed by him, will be as legal,

valid, and binding on him as if he were twenty-one years of age. And, if petitioners have prayed for improper relief, then for such other, further, and general relief as to your honor seems meet and proper.

"And in duty bound petitioners will ever pray. Floyd Monett Leverett, by Mrs. Maudie Bond, Aunt and Next Friend. Mrs. Carrie Lee Leverett, Stella Leverett, Herschell Leverett, by Carrie Lee Leverett, Mother and Next Friend.

"State of Mississippi, Jones County, City of Laurel.

"Before me, the undersigned authority in and for said city, county, and state, this day personally appeared Mrs. Carrie Lee Leverett and Mrs. Maudie Bond, petitioners in the foregoing petition, who made oath that the allegations contained in said petition are true as therein stated.

"CARRIE LEE LEVERETT.
"MAUDIE BOND.

"Sworn to and subscribed before me this 17th day of August, A. D. 1920.

"C. H. FERRILL, Notary Public.

"*Ex parte Floyd Monett Leverett et al.* Petition filed 8/19/20.

"U. S. Collins, Chancery Clerk."

It appears from the decree that the chancellor heard and considered this petition and rendered the following decree based thereon:

"State of Mississippi, Jones County, Second District.

"In the Chancery Court of the Said District of Said County and State—In Vacation.

"*Ex parte Floyd Monett Leverett et al.*

No. 2453.

"Decree.

"This cause this day coming on to be heard on the petition of Floyd Monett Leverett, Mrs. Carrie Lee Leverett and Stella Leverett and Herschell Leverett, praying that the disability of minority of the said Floyd Monett Leverett, a minor, be partially removed, and the chancellor having heard and considered said petition, and be-

ing fully advised in the premises, is of the opinion that the relief prayed for in said petition should be granted.

"It is thereupon ordered, adjudged, and decreed that the disability of minority of the said Floyd Monett Leverett be, and the same is hereby, partially removed to the extent that the said Floyd Monett Leverett may make a full and complete settlement with Eastman-Gardner Company, a corporation, on account of the injury received by him on or about the 29th day of October, 1919, and sign any and all documents or papers relating or pertaining to such settlement, so that the same when signed by him will be as legal, valid, and binding on him as if he were twenty-one years of age.

"Ordered and decreed in vacation at Hickory, Miss., on the 18th day of August, 1920.

"G. C. TANN, Chancellor.

"State of Mississippi, Jones County.

"I, U. S. Collins, clerk of the chancery court of Jones county, in said state, hereby certify that the above transcript is a true and correct copy of the final decree of the chancery court of said ounty in the case styled *Ex Parte Floyd Monett Leverett et al.,* 2453, as same appears of record in my office in Minute Book No. 3, at page 104.

"Witness my signature and official seal this the 7th day of March, 1924.

"U. S. COLLINS, Chancery Clerk."

It will be observed that the petition is marked filed as of "August 19, 1920," while it will be noticed that the decree purports to have been rendered on the 18th day of August, 1920, the day previous to the date of the filing of the petition.

As to whether the statutes (sections 301 and 302, Hemingway's Code), as amended by chapter 123, Laws 1918, with reference to the removal of the disability of minors. was complied with in the filing of the petition herein, and the granting of the decree was in accord with the law on the subject, may be judged by reading the petition

and the decree, which we have set out herein, and the statutes named.

Counsel for appellee argue that the lower court was correct in excluding the testimony showing that the disability of minority had been removed, for several reasons, and we shall try to state them, as near as we can, from the brief of appellee.

Appellee contends that the decree removing the disability was void because it was not based upon any petition, as the petition presented in the proceeding was not filed until the day following the rendition of the decree; that therefore the decree is based upon no petition and is therefore void.

We are unable to agree with this contention of counsel for appellee, for the reason that the decree recites the fact that the petition had been filed; and this recital of the judgment is, on this collateral attack, conclusive of the fact. *Bank of Meadville* v. *Hardy,* 94 Miss. 587, 48 So. 731; *G. & S. I. R. R.* v. *Riley Co.* (Miss.), 104 So. 81. It will be assumed that the petition was filed, or we may say was lodged or deposited, with the clerk some time prior to the rendition of the decree, because the decree purports to have acted upon the petition. The clerk may have marked the petition "Filed" on the wrong date, or it may have in fact been filed before it was marked "Filed." It is universally held that the filing of an instrument means the lodging of it with the clerk, the depositing of the instrument in the custody of the clerk, etc. The date of filing as marked on the paper is merely a notation by the clerk certifying the date of the filing, and is only *prima facie* true; it may be correct or it may not be so far as the actual fact as to when the paper was filed. So we see no merit in this proposition advanced by the appellee.

The appellee contends that the decree is void because the decree and petition fail to show the jurisdiction of the court, and that the two minors, brother and sister of appellee, could not be joined as party petitioners in the proceeding; that under the statutes (section 301, Hem-

ingway's Code, and chapter 123, Laws 1918), a minor cannot be joined in a petition to remove disability of a minor, even though joined through an adult next friend, and that therefore two of the nearest of kin within the third degree were not joined in the petition.

We think this view is untenable, because the statute is plain on the subject, and the reading of it together with the petition is convincing that the petition complied with the requirements of the statute. The adult petitioner may appear in a dual capacity of kinsman and next friend. *Bazor* v. *J. J. Newman Lbr. Co.,* 133 Miss. 538, 97 So. 761.

Section 301, Hemingway's Code, and chapter 123, Laws 1918, read as follows:

Section 301, Hemingway's Code:

"The application therefor shall be made in writing by the minor by his next friend, and it shall state the age of such minor and the names and place of residence of his parents, and, if he has no parent, the names and place of residence of two of his nearest kin within the third degree, computed according to the civil law, and the reasons on which the removal of the disability is sought; and, when such petition shall be filed, the clerk of the court shall issue the proper process, as in other suits, to make the proper parties defendant, which shall be executed and returned as in other cases; and any person so made a party, or any other relative or friend of the minor, may appear and resist the application."

Chapter 123, Laws 1918:

"*Same: When the Application Ex Parte.*—If the minor has no kindred within the prescribed degree whose place of residence is unknown to him or his next friend, or if any two of such kindred known to him or his co-petitioners shall unite with him in his application, it shall not be necessary to make any person defendant thereto. But the court shall proceed to investigate the merits of such application, and decree thereon as in other cases."

After a careful consideration of the question, we are unable to see wherein there was a failure to comply with the statute with reference to the petition and decree,

which are records in the case to be considered together. The petition contains four of the nearest relatives within the third degree, while the statute only requires two to be joined with the minor petitioner. Two of the petitioners are adult kinsmen and two are minor kin, all within the third degree; the father was dead. It will be noticed that the minors appear by next friend, and we are unable to see how the statute could be more fully complied with in that regard. Therefore we think the proceedings which resulted in the decree partially removing the disability of minority of the appellee, Leverett, were valid, and he was legally authorized to make a settlement with the appellant, lumber company, for the injuries received, and such settlement is binding on him the same as if he had been twenty-one years of age.

No fraud is shown as to the proceedings to remove the disability nor as to the settlement of the claim for the injuries. It therefore follows that the lower court erred in refusing to permit the defendant below to show that the plaintiff had settled with the appellant for all damages due for the injuries complained of in this lawsuit, and that such settlement was legal and binding because the disability of minority of appellant had been removed by the chancery court.

In view of these conclusions, the judgment of the lower court must be reversed, and the case remanded.

*Reversed and remanded.*