## JOHNSON et al. v. MISSISSIPPI POWER CO.
### No. 7055.

Circuit Court of Appeals, Fifth Circuit.

Jan. 27, 1934.

S. C. Mize, of Gulfport, Miss., for appellants.

B. E. Eaton, of Gulfport, Miss., and R. E. Wilbourn, of Meridian, Miss., for appellee.

Before BRYAN, HUTCHESON, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

This was an action begun in October, 1932, by the appellants, the widow and two minor children of James M. Johnson, deceas-

ed—the two minors suing by their mother, the other appellant, as next friend—to recover damages for the death of the deceased by drowning while he was acting as an employee of the appellee, the death being attributed to negligence chargeable against the appellee in furnishing a boat or skiff too small to be safe for use by the deceased in doing work incident to repairing wires and cross-arms on poles in the West Pascagoula river which he was ordered to do. The appellee pleaded the general issue and a special plea setting up releases dated in June, 1929, of the appellee from all claims or demands for the drowning of the deceased, executed, respectively, by the widow and the guardian of the two minors, in consideration of the payment of the sum of $1,666.67 to the widow and the same amount to the guardian of each of the minors; that special plea containing allegations to the effect that the guardian of the minors was duly authorized to execute the releases in their behalf by decree of the chancery court of Harrison county, Miss. A replication to that special plea alleged to the following effect: The widow was only eighteen years of age in June, 1929. Her disability of minority was never legally removed. An order of the chancery court of Harrison county, Miss., purporting to remove the widow's disability of minority, was invalid by reason of that court not acquiring jurisdiction in that regard because of a noncompliance with statutory requirements, and by reason of fraud perpetrated upon the widow and upon said court by the appellee, acting through its attorney. A pretended appointment of a guardian for the two minors, and an order of said court purporting to authorize the guardian to settle the claims of the minors against the appellee for the death of their father, were invalid because they were obtained by the appellee, acting by its attorney, by perpetrating a fraud upon the minors and upon that court; and that court was without authority or jurisdiction to enter a decree authorizing the guardian to settle said claim of the minors because the petition upon which that decree was based was not sworn to, the facts of the case were not investigated by the court, and no proof was offered in behalf of the minors. By rejoinder the allegations of the replication to the special plea were put in issue. By agreement of parties the issues raised by the replication to the special plea were submitted to the court, no jury being impaneled, and the court, after finding that the releases pleaded by the appellee were and are valid and binding upon the parties, that the dis-

ability of minority of the widow was validly removed by a court having jurisdiction in that regard, and that the proper court, with general jurisdiction of the subject-matter and the parties, approved and authorized the settlement and release of a doubtful liability by the guardian of the minors for a valuable and substantial consideration, and that such decree was for the benefit of the minors, decreed that the releases pleaded by the appellee were valid and constitute a bar to the action of the appellants, and that that action be dismissed.

Mississippi statutes provide two procedures for the removal by the chancery court of the county in which a minor resides of his disabilities of minority, each inaugurated by an application made in writing by the minor by his next friend, stating the age of the minor and the names and places of residence of his parents, and if he has no parents, the names and places of residence of two of his nearest of kin within the third degree, computed according to the civil law; in one of those procedures the minor's parents, if they are alive, being made parties defendant, and, if they are not alive, two of such nearest of kin of the minor being made parties defendant (Mississippi Code 1930, §§ 353, 354); and the other procedure being governed by the following provision: "If the minor has no kindred within the prescribed degree whose place of residence is known to him or his next friend, or if any two of such kindred known to him or his co-petitioner shall unite with him in his application, it shall not be necessary to make any person defendant thereto. But the court shall proceed to investigate the merits of such application, and decree thereon as in other cases." Id. § 355. Statutes also provide that when the proper persons have been made parties to the application, the court shall examine it, and the objections to it, if any, and may hear testimony in open court, in reference thereto, and shall make such decree thereon as may be for the best interest of the minor; and that the decree may be for the partial removal of the disability of the minor so as to enable him to do some particular act proposed to be done and specified in the decree, or it may be general, and empower him to do all acts in reference to his property, and making contracts, and suing and being sued, and engaging in any profession or avocation, which he could do if he was twenty-one years of age. Id. §§ 356, 357. At the time of the death of the deceased neither of the parents of his widow was alive. Two ex parte proceedings for the

removal of the widow's disabilities of minority were instituted. The first one was instituted on May 11, 1929, by a written petition filed in the chancery court of Harrison county, Miss., by the widow, suing by her grandmother as next friend, which was joined in by two adult uncles of the widow. That petition, after alleging the death of the deceased on March 18, 1929, the existence of a described insurance policy for $1,000 on his life payable to the widow, the names of the widow's next of kin, including a brother sixteen years of age and a sister fourteen years of age, that the widow, her brother, sister, and two adult uncles are residents of said county, that the widow is fully capable of taking care of her own business affairs, and that, "in order to collect the insurance policy hereinabove mentioned, it is necessary that her minority be removed so that she can execute a valid release to said insurance company, upon the payment of said policy," prayed "that this Court will enter a decree removing her disability of minority so that she may be able to transact any business, the same as if she were twenty-one years of age, and especially that she may be able to collect and receipt for the amount of said insurance policy." The decree entered in that case on May 11, 1929, adjudged "that the disability of minority of the said petitioner, Mrs. Agnes Johnson, be and the same hereby is removed generally and she is hereby specially enabled to execute a receipt to the Provident Life & Accident Insurance Company, upon the payment of the proceeds of said life insurance policy, which receipt shall operate as a full acquittance to said Life Insurance Company of any and all liability on account of said policy." After the rendition of that decree there were negotiations between the widow and the appellee with reference to a settlement by the latter of a claim of damages for the death of the deceased. The widow agreed to a settlement for $5,000. She claims in this suit that that agreement was fraudulently procured. After an attorney for the appellee had expressed a doubt as to the above-mentioned decree constituting a removal in general of the widow's disability of minority so that she could legally release her claim against the appellee, on June 1, 1929, another petition for the removal of her disability of minority was filed in the same court. That petition, which was prepared by a lawyer who was an attorney for the appellee, was filed in the names of the same persons who were the petitioners in the first instituted proceeding. Its allegations as to the names and places

of residence of the widow and her next of kin, and as to the widow's capacity, are similar to those of the first mentioned petition. After alleging the making of an agreement between the widow and the appellee for a settlement on account of the death of her husband by the payment of $5,000 for the widow and her two children, and the necessity of removing the widow's disability of minority in order that she may receive her part of that amount and execute a valid and binding receipt and acquittance to appellee, that petition prayed that her disability of minority be removed generally, and to the same extent as if she were twenty-one years of age. On the day that petition was filed, the chancery court of Harrison county rendered the following decree:

"This cause coming on for hearing on the petition of Mrs. Agnes Johnson, a minor, who sues herein by her grandmother and next friend, Mrs. Nancy Hammonds, and upon oral proof, and the Court having heard and considered the same, and being advised in the premises, and it appearing to the Court that the petitioner, Mrs. Agnes Johnson, is a minor, eighteen years of age, and is a widow, and that her husband Jas. M. Johnson, was killed while employed by the Mississippi Power Company, a corporation, and the petitioner has a claim against the said Mississippi Power Company on account of said death, and that she and her next friend are citizens of Harrison County, Mississippi; that the only adult relatives of said petitioner, within the third degree, are, to-wit: Willis W. Hammonds and Martin N. Hammonds, who are resident citizens of Harrison County, Mississippi, and they have united with said petitioner, Mrs. Agnes Johnson, in said application for the removal of disability of minority of the petitioner, and it further appearing to the Court that the said petitioner has a fair education and good intelligence, and is fully capable of attending to her own business affairs in every respect, and that it is to her interest that her disability of minority be removed generally;

"It is therefore, ordered, adjudged and decreed that the disability of minority of the petitioner, Mrs. Agnes Johnson be and the same hereby is removed, generally and for all purposes, and the said petitioner is authorized to execute any and all instruments and perform all acts the same as if she were twenty-one years of age, and she is especially authorized and enabled to execute a full release and acquittance to the Mississippi Power Company releasing and acquitting the

said Mississippi Power Company from any and all liability to her on account of the death of her said husband."

■■■ The jurisdiction of that court to render that decree attached upon the filing of the petition in pursuance of which it was rendered. That petition contained every' allegation required by statute to be made in an ex parte application for the removal of a minor's disability. The requirement of the statute as to parties when the application is ex parte was complied with by two of the minor's next of kin, computed according to the civil law, uniting with her in the petition. Bazor v. Newman Lumber Co., 133 Miss. 538, 97 So. 761, Eastman-Gardner Co. v. Leverett, 141 Miss. 96, 106 So. 106. There is no merit in a suggestion made in argument for appellants that the petition was defective because of the failure to make the widow's minor brother and sister parties. The statute does not require the minor's nearest of kin to be made parties to an ex parte application for the removal of the minor's disability of minority in which any two of the minor's nearest of kin within the third degree, computed according to the civil law, unite with the minor. Neither of the above-mentioned decrees purporting to remove the widow's disability of minority is subject to challenge on the ground that the court which rendered it was without jurisdiction.

■■■ A Mississippi statute provides that: "Guardians may be empowered by the court, or chancellor in vacation, to * * * compromise claims due their wards, on the same proceedings, and under the same circumstances prescribed in reference to the sale or compromise by an executor or administrator of claims belonging to the estate of a deceased person. And the guardian in such case is authorized to receive in satisfaction of claims, when to the interest of the ward, property, real or personal, the title to be taken in the name of the ward." Mississippi Code 1930, § 1886. The Mississippi statute authorizing executors and administrators to compromise claims provides: "The court, or chancellor in vacation, on petition for that purpose, may authorize the executor or administrator to sell or compromise any claim belonging to the estate which cannot be readily collected." Id. § 1710. Under the statutes referred to, a guardian may be authorized to compromise a claim of the ward for wrongful death. Fox v. Fairchild, 133 Miss. 617, 98 So. 61. The First National Bank of Gulfport, Miss., was, by a court having jurisdiction, appointed guardian of the two minors pursuant to the prayer of its petition, filed June 15, 1929, after the mother of the minors had requested it to make that application. That petition contained an allegation to the effect that the estate of each of the minors consists of a claim against the appellee on account of the death of their father, which occurred while he was engaged as an employee of the appellee. The guardian filed in said chancery court a petition praying that it be authorized to accept an offer by the appellee to pay the sum of $5,000—one-third thereof to be paid to the widow and the same amount to each of the minors—in full settlement of the claim against appellee on account of the death of James M. Johnson, and to execute and deliver a full release and acquittance to appellee for all damages and claims against it by said minors by reason of the death of their father. That petition contained allegations to the effect that the deceased came to his death by drowning in West Pascagoula river following the turning over of a skiff in which he was standing while engaged as an employee of the appellee, "that the skiff was over-turned either by reason of the current caused by the high water, or by reason of the skiff becoming entangled with said guy wire, and, so far as petitioner is able to discover, it is not definitely known just how the said James M. Johnson came to his death, and the claim of said minors against the Mississippi Power Company is therefore in some doubt." The prayer of that petition was granted by a decree which, after referring to the petition and its prayer, stated: "And the Court, having heard oral testimony thereon and being fully advised in the premises, is of the opinion that said claim is doubtful and that it is to the interest of said minors that the said claim against the Mississippi Power Company be compromised and settled for said amounts." The jurisdiction of the court to render that decree attached upon the filing of the petition in pursuance of which it was rendered. It is not open to question that, under the above-quoted statute, that petition was effective to bring into play the jurisdiction which was invoked. Neither the appointment of a guardian of the two minors nor the court decree authorizing the guardian to compromise the claims of the minors against the appellee and to execute releases of those claims is invalid on a jurisdictional ground.

After the rendition of the decrees removing the widow's disability of minority the appellee paid to her one-third of the sum of $5,000, and she executed a release of all

claims in her favor against appellee on account of the death of her husband. The appellee also paid $332.75, the entire expenses of the burial of the deceased, which included the cost of a cemetery lot, title to which was deeded to the widow. The widow received also $700 under an insurance policy in her favor on the life of her husband, which had been provided at the expense of the appellee. After the rendition of the decree authorizing the guardian of the minors to compromise the claims of the minors against the appellee on account of the death of their father, the appellee paid to the guardian one-third of $5,000 for each of the minors, and the guardian executed releases of all claims of the minors against the appellee on account of the death of their father.

It seems that the first-rendered decree on the subject of the removal of the widow's disability of minority was effective as a removal generally of such disability, and was not restricted to a removal of such disability only so far as to enable her to execute a receipt to the insurance company which issued a policy in her favor on the life of her husband. The petition in pursuance of which that decree was rendered prayed "a decree removing her disability of minority so that she may be able to transact any business, the same as if she were twenty-one years of age," and the decree rendered on that petition adjudged that her disability of minority "be and the same is hereby removed generally." But, assuming, without deciding, that that decree was not effective to enable the widow to bind herself by a release of her claim against the appellee on account of the death of her husband, the subsequently rendered decree which explicitly empowered her so to bind herself was not shown to be a nullity. The recitals of that decree to the effect that the court (one of general jurisdiction), after hearing and considering the petition and oral proof, and being advised in the premises, found that the widow was fully capable of attending to her own affairs in every respect, and that it was to her interest that her disability of minority be removed generally, import verity, and cannot be drawn in question in this case. Stephenson v. Kirtley, 269 U. S. 163, 46 S. Ct. 50, 70 L. Ed. 213; Eastman-Gardner Co. v. Leverett, 141 Miss. 96, 108, 106 So. 106. The evidence adduced in the trial did not show that that decree, or the decree authorizing the guardian of the minors to release their claims against the appellee, was procured or brought about by such fraud as would render it subject to be treated as a nullity when attacked collaterally. The judgment of a court having jurisdiction of the parties and the subject-matter is not subject, on collateral attack, to be treated as a nullity because of fraud unless that fraud is extrinsic to the matter tried, amounting to imposition on the court, preventing a real hearing on and consideration of the matter presented for decision. Hilton v. Guyot, 159 U. S. 113, 207, 16 S. Ct. 139, 40 L. Ed. 95; Chaloner v. Sherman, 242 U. S. 455, 37 S. Ct. 136, 61 L. Ed. 427; Lucy v. Deas, 59 Fla. 552, 52 So. 515; Graves v. Graves, 132 Iowa, 199, 109 N. W. 707, 10 L. R. A. (N. S.) 216, 10 Ann. Cas. 1104; Mahoney v. State Ins. Co., 133 Iowa, 570, 110 N. W. 1041, 9 L. R. A. (N. S.) 490. Freeman on Judgments (5th Ed.) § 331; 34 C. J. 566. In behalf of appellants it was suggested that the decrees in question were vitiated by the circumstance that the petitions in pursuance of which they were rendered were prepared and submitted to the court by a lawyer who was an attorney of the appellee. The evidence showed that the judge who presided in those proceedings was fully aware of the existence of that relationship, and that the widow was present when the case was submitted to the court. The conclusion that the circumstance mentioned resulted in any imposition on the court was fully negatived. Furthermore, evidence adduced in the trial which resulted in the judgment under review supported conclusions expressed in that judgment that the releases in question were valid and binding on the parties affected thereby, were executed for a valuable and substantial consideration in a case of doubtful liability, and that the execution of the releases in behalf of the minors was for their benefit. It was not made to appear that the challenged releases were properly subject in this case to be treated as nullities.

No reversible error appearing in the record, the judgment is affirmed.