## STEPHENSON ET AL. *v*. KIRTLEY ET AL.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT CF WEST VIRGINIA.

No. 58. Submitted October 16, 1925.—Decided November 16, 1925.

1. An attachment affidavit stating generally the nature of the plaintiff's claim and setting forth, with reasonable certainty and the particularity of fact necessary to show a cause of action, the unpaid judgments upon which the claim was based, *held* a sufficient compliance with the requirement of the West Virginia Code that such affidavit state " the nature of the plaintiff's claim." P. 166.

2. Where a writ of attachment has been issued and levied, the preliminary affidavit has served its purpose, and even though it be so defective that an appellate court might find in it sufficient error to reverse the judgment, this does not deprive the court of the jurisdiction acquired by the levy of the writ. *Id*.

3. Recitals in a decree of sale in a creditors suit, showing that the court acted on satisfactory evidence in adjudging that the deeds in question were made to defraud creditors, import verity and can not be drawn in question in a collateral attack by a party who was served only by publication and did not appear and who alleges that the court (under the West Virginia Code) could make no valid decree because no proof of fraud was offered. *Id*.

4. In such a suit, where the court has acquired jurisdiction by attachment and has entered a decree *nisi* on an order of publication, the allegations of the complaint that the deeds in question were fraudulent may be sustained by the default as well as by proof; and failure to hear proof before adjudging them fraudulent and ordering a sale is neither beyond the court's jurisdiction nor a denial of due process. *Id*.

5. Upon an appeal from a decree dismissing on motion a bill to set aside a judgment, this Court, finding the judgment valid against the objections made in the bill, will not consider other matters relating to it which are urged in the briefs. P. 167.

Affirmed.

APPEAL from a decree of the District Court dismissing the bill, on motion, in a suit to annul proceedings of a West Virginia court, whereby deeds, made by one of the

appellants to the others, were set aside as in fraud of creditors, and the property sold to satisfy judgment debts.

*Messrs. Edward W. Knight* and *Harold A. Ritz,* with whom *Messrs. A. J. Horan, Lon H. Kelly* and *Herman L. Bennett* were on the brief, for appellants.

*Mr. J. H. McClintic,* with whom *Mr. A. N. Breckinridge* was on the brief, for Kirtley and Herold, appellees.

MR. JUSTICE SANFORD delivered the opinion of the Court.

The appellants brought this suit in equity in the District Court to set aside certain proceedings in a Circuit Court of West Virginia, whose validity they challenged, *inter alia,* for repugnancy to the due process clause of the Fourteenth Amendment. The bill was dismissed by the District Court, upon defendants' motion, without opinion. This direct appeal was allowed, March 31, 1924, under § 238 of the Judicial Code.

The case made by the bill and exhibits is this: The plaintiffs are non-residents of West Virginia. Four of them claim to be the owners of certain undivided interests in lands in Nicholas County, West Virginia, conveyed to them by deeds from their co-plaintiff W. B. Stephenson, executed in good faith and for valuable considerations. The defendant Cawley, a creditor of W. B. Stephenson holding unsatisfied judgments against him, brought a suit in equity against the plaintiffs in the Circuit Court of the county to set aside the deeds as fraudulent and sell the lands to satisfy the judgments. The plaintiffs were proceeded against as non-residents, by an order of publication, without personal service of process. An order of attachment was also issued and levied upon the lands. The plaintiffs not having appeared within the time required by the order of publication, a decree *nisi* was entered and set for hearing; and thereafter a decree was

entered adjudging that the deeds from W. B. Stephenson were made to defraud his creditors, setting the same aside as to the debt to Cawley, and directing a sale of the lands in satisfaction of the judgments. They were purchased by the defendants Kirtley and Herold at the commissioners' sale. This sale was confirmed by a subsequent decree; and a deed was executed by the commissioners to the purchasers, who entered into possession of the lands. The plaintiffs, who under the laws of West Virginia were allowed to appear and make defense to the suit within two years from the date of the final decree, had no knowledge of these proceedings until after this time had expired.

The bill alleged that these proceedings were null and void: 1st, because the Circuit Court did not have jurisdiction to enter the decrees, since under the laws of West Virginia the order of attachment upon which its jurisdiction depended was void and conferred no jurisdiction for the reason that the affidavit upon which it was based lacked the required certainty and was invalid; and 2nd, because under the law of West Virginia there can be no valid decree in a suit in which no personal service has been had without proof of the facts upon which it rests, and the court was without jurisdiction to enter the decree setting aside the deeds and ordering the sale, for the reason that no proof was offered that the deeds were fraudulent.

The bill further alleged that the action of the Circuit Court in adjudging that the deeds were fraudulent, without personal service of process or hearing any evidence or having any trial upon the question, and decreeing the sale of the lands, was a denial of due process of law to the plaintiffs in violation of the Fourteenth Amendment; and it prayed that the decrees directing and confirming the sale of the lands, and the commissioners' deed thereto, be decreed to be null and void; that the cloud arising therefrom upon their title be removed; and that they be adjudged to be the owners of the lands.

1. Assuming, without deciding, that notwithstanding the constructive service of process by the order of publication, the jurisdiction of the court over the lands depended upon the attachment, we find no invalidity in the affidavit on which the order of attachment issued. The statute merely requires the affidavit to state " the nature of the plaintiff's claim." Barnes' West Virginia Code, ch. 106, § 1, p. 1995. Here, after stating generally the nature of the claim, it set forth, with reasonable certainty and the particularity of fact necessary to show a cause of action, the unpaid judgments held by Cawley against W. B. Stephenson upon which the claim was based. This was sufficient. *Flannigan* v. *Tie Co.*, 77 W. Va. 158, 159. Furthermore, where a writ of attachment has been issued and levied, the preliminary affidavit has served its purpose, and even though it be defective and an appellate court might find in it sufficient error to reverse the judgment, this does not deprive the court of the jurisdiction acquired by the levy of the writ. *Cooper* v. *Reynolds,* 10 Wall. 308, 319; *Ludlow* v. *Ramsey,* 11 Wall. 581, 588; *Miller* v. *White,* 46 W. Va. 67, 71; *McIntosh* v. *Oil Co.,* 47 W. Va. 832, 837.

2. It is recited in the decree of sale that it appeared to the satisfaction of the court " from the papers and evidence " that the deeds from W. B. Stephenson were made to defraud his creditors. The present suit is a collateral proceeding to set aside the sale made by the Circuit Court, (*Ludlow* v. *Ramsey, supra,* p. 587,) a court of general jurisdiction; and the recitals in its decree, which import verity, cannot be drawn in question herein. *Ballard* v. *Hunter,* 204 U. S. 241, 265. Furthermore, as the court had acquired jurisdiction by the levy of the writ of attachment and a decree *nisi* had been entered upon the order of publication, a failure to hear proof before adjudging that the deeds were fraudulent and ordering the sale, would neither have deprived the court of its jurisdiction

nor constituted a denial of due process.  The allegations of the complaint might be established either by the introduction of proof or by admission through the default; and error or irregularity in this respect would neither constitute ground for setting aside the decree which the court had acquired jurisdiction to render, nor take from it the attribute of due process.  *Ballard* v. *Hunter, supra,* pp. 250, 258.

3. This disposes of all the grounds upon which the validity of the proceedings was challenged by the bill. We therefore neither consider other matters urged in the appellants' brief relating to the alleged invalidity of the order of publication, nor the defense of good faith purchase relied upon in the brief of appellees.  We find no want of jurisdiction in the Circuit Court by reason of the matters alleged in the bill, nor want of due process invalidating the proceedings under the Fourteenth Amendment.

The decree of the District Court is

*Affirmed.*