## TERRACE ESTATES v. CITY OF NEW BRITAIN

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, JS.

Argued May 9—decision released June 18, 1974

*Lawrence P. Weisman,* with whom, on the brief, was *Austin K. Wolf,* for the appellant (plaintiff).

*George J. Coyle,* for the appellee (defendant).

PER CURIAM. This appeal arises out of the condemnation by the city of New Britain of a portion of a tract of land owned by the plaintiff, Terrace Estates. Terrace Estates appealed the assessment of damages to the Superior Court. In a separate case, Carabetta Enterprises, Inc., which had contracted to purchase the entire tract from Terrace Estates, also appealed to the Superior Court from the assessment of damages for the taking. Terrace Estates and Carabetta Enterprises were not parties to each other's appeals. The two appeals were consolidated and referred to Hon. Raymond E. Baldwin, a state referee. The referee, exercising the powers of the Superior Court, rendered a judgment in the Terrace Estates case, from which Terrace Estates has appealed to this court. *Terrace Estates* v. *City of New Britain* is the only case presently before this court. Carabetta Enterprises is not one of the parties before us.

The state referee found that on September 14, 1970, the date of the taking, the fair market value of the land taken, "in its raw state," was $344,000, but that the value was increased as a result of expenditures totaling $62,093 made by Carabetta Enterprises to develop the land pursuant to its contract of purchase. Accordingly, the referee concluded that the fair market value of the parcel taken was $406,000. The parties do not dispute that valuation in this appeal.

The referee also found that Carabetta Enterprises had paid the sum of $53,000 toward the purchase price under its contract with Terrace Estates and that, of that amount, the sum of $24,910 was properly allocated to the land taken. The referee thereupon concluded that Terrace Estates was entitled to $406,000 less $87,003 ($62,093 plus $24,910), or $318,997. Since the city of New Britain had already deposited $175,000 with the court, the referee rendered judgment in *Terrace Estates* v. *City of New Britain* ordering the city to pay Terrace Estates the deficiency, or $143,997, plus interest and costs.

Terrace Estates does not dispute the reduction of $62,093, but contends that the referee erred in reducing its compensation by the $24,910 purportedly paid to it pursuant to the contract of sale, for the reason that the referee was without power to adjudicate the respective rights of Carabetta Enterprises and Terrace Estates under the contract.

Terrace Estates is entitled to certain requested corrections of the finding. Practice Book § 628. The referee erred in refusing to find the undisputed fact that in the case of *Terrace Estates* v. *City of New Britain* he "heard no evidence regarding rights or

claims of . . . [Terrace Estates] and Carabetta Enterprises, Inc., by or against one another." The contract of sale was, in fact, not offered as an exhibit in *Terrace Estates* v. *City of New Britain,* though it was an exhibit in the Carabetta Enterprises appeal. The referee's finding that Carabetta Enterprises had paid $53,000 toward the purchase price under its contract with Terrace Estates is not supported by evidence in this case and cannot stand.

The referee's conclusions are tested by the finding, as corrected. *Cecio Bros., Inc.* v. *Feldmann,* 161 Conn. 265, 271, 287 A.2d 374. That finding does not support the reduction of the plaintiff's award by $24,910 to reflect payments under the contract of sale.

There is error, the judgment is set aside and the case is remanded with direction that the trial court render judgment for the plaintiff in the amount of $343,907. Since the defendant has already deposited $175,000 with the court, the judgment should order the defendant to pay the difference, $168,907, with interest from the date of taking to the date of payment and with costs as ordered.