LEDGEBROOK CONDOMINIUM ASSOCIATION, INC. *v.*
LUSK CORPORATION (CONN.) ET AL.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued February 2—decision released March 29, 1977

*Paul E. Knag,* with whom, on the brief, were *C. Ian McLachlan* and *Richard Blumenthal,* for the appellant (defendant Ledgebrook Corporation).

*James J. Huron,* with whom, on the brief, was *James R. Fogarty,* for the appellee (plaintiff).

Barber, J. The plaintiff made application to the Superior Court for prejudgment remedies, including an order allowing an attachment of the interest of one of the defendants, the Ledgebrook Corporation, in certain real property. Attached to the application was the plaintiff's proposed unsigned writ, summons and complaint, and an affidavit purporting to show that there was probable cause that judgment would be rendered in the matter in favor of the plaintiff. In its complaint, the plaintiff alleged misrepresentation and false representation in the declarations of condominium, breaches of express and implied warranties, and negligence. The plaintiff applied for various prejudgment remedies to secure the sum of $1,000,000. Specifically, it sought an order attaching the recreational facility owned by the Ledgebrook Corporation and an order garnishing the rent paid by the plaintiff to the defendant Ledgebrook Corporation for use of the facility. The application contains an allegation that "there is probable cause that a judgment will be rendered in such matter in favor of the applicant and to secure such judgment, the applicant seeks an order from the Court directing that the following prejudgment remedies be issued to secure the sum of $1,000,000.00 . . . ." Upon presentation of the application to the court, it was ordered that a hearing be held and that notice be given to the defendants. After hearing, the court found that there was probable cause to sustain the validity of the plaintiff's claims, and it ordered granted an attachment in the sum of $225,000 of the interest of the defendant Ledgebrook Corporation in certain described real property. The defendant Ledgebrook

Corporation has appealed from that judgment,[1] assigning as error the action of the court in finding facts without evidence, in refusing to find facts which are claimed to be material and either admitted or undisputed, in concluding that there was probable cause to support an attachment in the amount of $225,000 when the facts set forth in the finding do not support that conclusion, and in not requiring the plaintiff to establish probable cause both as to the validity of its claim and as to the amount of its claim by adducing evidence as to such probable cause.

The defendant concedes that it rests this appeal on its contention that there was no evidence to support the amount of the plaintiff's claim, and has briefed only its attack upon one paragraph of the finding of facts.[2] This paragraph recites that "[t]he plaintiff obtained an estimate from a roofing firm that the repairs for the water leakage would cost about $9,900 per building, or about $230,000." The defendant claims that this paragraph was found without evidence. A finding of material fact may be attacked as not supported by the evidence. The validity of such a claim is tested by the evidence printed in the appendices to the briefs. Practice

[1] An order of a court granting or denying a prejudgment remedy is a final judgment from which an appeal may be taken. *E. J. Hansen Elevator, Inc.* v. *Stoll*, 167 Conn. 623, 628, 356 A.2d 893; see General Statutes § 52-278*l* (Rev. to 1977).

[2] The assignments of error directed to the trial court's finding of other facts cannot be considered as having been briefed and are deemed abandoned. *Hall* v. *Weston*, 167 Conn. 49, 51, 355 A.2d 79; *Neal* v. *Shiels, Inc.*, 166 Conn. 3, 20, 347 A.2d 102; *Stoner* v. *Stoner*, 163 Conn. 345, 349, 307 A.2d 146. Nor have the assignments of error relating to the defendant's draft finding been briefed, and the additions which it sought to have added to the finding are couched in broad terms and cannot be considered to be admitted or undisputed. See *Rushchak* v. *West Haven*, 167 Conn. 564, 566, 356 A.2d 104.

Book § 628M; *Brighenti* v. *New Britain Shirt Corporation,* 167 Conn. 403, 405, 356 A.2d 181; *Klein* v. *Chatfield,* 166 Conn. 76, 77 n.1, 347 A.2d 58. The disputed paragraph is not supported by the evidence presented in the plaintiff's appendix and must be stricken. Practice Book § 627; *Hartford Kosher Caterers, Inc.* v. *Gazda,* 165 Conn. 478, 481 n.1, 338 A.2d 497. Such a stricken finding cannot be considered in reviewing the court's conclusion that probable cause existed to sustain the validity of the plaintiff's claim and that an attachment in the amount of $225,000 should be granted. See *Fidelity & Casualty Co.* v. *Constitution National Bank,* 167 Conn. 478, 492, 356 A.2d 117; *Golden* v. *Lyons,* 151 Conn. 21, 25, 27, 193 A.2d 487. As the plaintiff virtually admits, the only evidence before the court to support the plaintiff's application for prejudgment remedies consisted of the facts contained in the supporting affidavit[3] and certain concessions made by the defendant's attorney at the time of the hearing.

---

[3] *"AFFIDAVIT IN SUPPORT OF APPLICATION FOR PREJUDGMENT REMEDIES*
STATE OF CONNECTICUT )
                     ) ss: Stamford, July 28, 1975.
COUNTY OF FAIRFIELD  )

Personally appeared the undersigned, who having been duly sworn, deposes and says that:

1. He is a director of LEDGEBROOK CONDOMINIUM ASSOCIATION, INC., the applicant.

2. He is also the owner of a unit at the Ledgebrook Condominium, which he purchased from the defendant REALTREX INC. on or about June 29, 1973, which unit was one of the 222 residential apartment units constructed by the defendant LEDGEBROOK CORPORATION.

3. Many of the units of said Ledgebrook Condominium, including his own, have extensive water leakage, which has been caused by improper construction workmanship and materials.

4. Many of the units of said Ledgebrook Condominium, including his own, are improperly heated and/or air conditioned, creating

The due process clause of the fourteenth amendment to the constitution of the United States forbids states from depriving persons of life, liberty or property without due process of law. Similarly, the constitution of Connecticut, article first, § 8, provides that no person shall be deprived of life, liberty or property without due process of law, and it is an established principle that these provisions "have the same meaning and impose similar limitations." *State* v. *Kyles,* 169 Conn. 438, 442, 363 A.2d 97; *Katz* v. *Brandon,* 156 Conn. 521, 537, 245 A.2d 579. In several relatively recent cases, the United States Supreme Court prescribed standards of due process in certain creditor proceedings affecting property rights. *Fuentes* v. *Shevin,* 407 U.S. 67, 92 S. Ct. 1983, 32 L. Ed. 2d 556, rehearing denied, 409 U.S. 902, 93 S. Ct. 177, 34 L. Ed. 2d 165; *Lynch* v. *Household Finance Corporation,* 405 U.S. 538, 92 S. Ct. 1113, 31 L. Ed. 2d 424, rehearing denied, 406 U.S. 911, 92 S. Ct. 1611, 31 L. Ed. 2d 822; *Sniadach* v. *Family Finance Corporation,* 395 U.S. 337, 89 S. Ct. 1820, 23 L. Ed. 2d 349.[4] The General Assembly

uncomfortable and unseasonable temperatures, which has been caused by improper construction workmanship and materials.

5. Many of the buildings of said Ledgebrook Condominium, including that in which his unit is located, have not been properly completed and lack the necessary landscaping.

6. The applicant will be required to expend great sums of money to correct the aforementioned defects, nonconformities and omissions.

Walter Pond

Subscribed and sworn to
before me this 28th day
of July, A. D. 1975.

Arthur W. Hooper, Jr.
Notary Public"

[4] The United States Supreme Court has further elaborated on these standards of due process in *Mitchell* v. *W. T. Grant Co.,* 416 U.S. 600, 94 S. Ct. 1895, 40 L. Ed. 2d 406, and *North Georgia Finishing, Inc.* v. *Di-Chem, Inc.,* 419 U.S. 601, 95 S. Ct. 719, 42 L. Ed. 2d 751.

responded in 1973 by enacting Public Acts 1973, No. 73-431, entitled "An Act Concerning Prejudgment Remedies," now chapter 903a of the General Statutes. See *E. J. Hansen Elevator, Inc.* v. *Stoll,* 167 Conn. 623, 624, 356 A.2d 893. (This act has subsequently been amended by Public Acts 1975, Nos. 75-459, 75-530, and Public Acts 1976, Nos. 76-21, 76-401.) At the time of the hearing in this case in August, 1975, a "prejudgment remedy" included an attachment of property prior to final judgment. General Statutes § 52-278a (d) (Rev. to 1975). One of the documents required in support of and with an application for a prejudgment remedy is an "affidavit sworn to by the plaintiff or some competent affiant setting forth a statement of facts sufficient to show that there is probable cause that judgment will be rendered in the matter in favor of the plaintiff." General Statutes § 52-278c (A) (b) (Rev. to 1975). Except in exceptional circumstances; General Statutes §§ 52-278e and 52-278f (Rev. to 1975); a preliminary hearing is mandated. General Statutes § 52-278d (Rev. to 1975).[5]

The remedy of attaching and securing a defendant's property to satisfy a judgment which the plaintiff may recover is unknown to the common law and is founded on and regulated by our statutory law. *E. J. Hansen Elevator, Inc.* v. *Stoll,* supra, 628; *Harris* v. *Barone,* 147 Conn. 233, 234, 158 A.2d

---

[5] "[General Statutes] Sec. 278d. HEARING ON PREJUDGMENT REMEDY APPLICATION. DETERMINATION BY THE COURT. . . . The defendant shall have the right to appear and be heard at the hearing. The hearing shall be limited to a determination of whether or not there is probable cause to sustain the validity of the plaintiff's claim. If the court, upon consideration of the facts before it, finds that the plaintiff has shown probable cause to sustain the validity of his claim, then the prejudgment remedy applied for shall be granted as requested or as modified by the court. . . ."

855; *Chapel-High Corporation* v. *Cavallaro*, 141 Conn. 407, 410, 106 A.2d 720; *Loewe* v. *Savings Bank of Danbury*, 236 F. 444, 448 (2d Cir.); *Penoyar* v. *Kelsey*, 150 N.Y. 77, 44 N.E. 788. It follows that a party seeking an attachment must comply with the requirements of the statutes allowing such attachment as may be sought.

Thus, in Connecticut the general rule under § 52-278c is that all prejudgment remedies, including attachment, must be granted by a court upon notice to the defendant and a prior hearing. The language of our statutes requires that the court determine "whether or not there is *probable cause* to sustain the validity of the plaintiff's claim" (emphasis added); § 52-278d; that is to say, "probable cause that judgment will be rendered in the matter in favor of the plaintiff." § 52-278c (A) (b); see, generally, Levine, "Due Process of Law in Pre-Judgment Attachment and the Filing of Mechanics' Liens," 50 Conn. B.J., No. 3, pp. 335, 350–58. "[Prejudgment remedy proceedings] are not involved with the adjudication of the merits of the action brought by the plaintiff . . . . They are only concerned with whether and to what extent the plaintiff is entitled to have property of the defendant held in the custody of the law pending adjudication of the merits of that action." *E. J. Hansen Elevator, Inc.* v. *Stoll*, supra, 629–30. The purpose of a hearing is to satisfy the constitutional due process right that parties whose property rights are to be affected are entitled to be heard "at a meaningful time and in a meaningful manner." *Armstrong* v. *Manzo*, 380 U.S. 545, 552, 85 S. Ct. 1187, 14 L. Ed. 2d 62; see *Roundhouse Construction Corporation* v. *Telesco Masons Supplies Co.*, 168 Conn. 371, 376–77, 362 A.2d 778. "This effective

opportunity to be heard is the gravamen of the currently accepted standards of procedural due process in the area of property rights as now prescribed in the United States Supreme Court landmark cases of . . . [*Fuentes* v. *Shevin,* supra; *Lynch* v. *Household Finance Corporation,* supra; and *Sniadach* v. *Family Finance Corporation,* supra]." *Roundhouse Construction Corporation* v. *Telesco Masons Supplies Co.,* supra, 377. A hearing permits both sides to be heard. A full scale trial on the merits of a plaintiff's claim is not contemplated. The plaintiff does not have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim. 1 Stephenson, Conn. Civ. Proc. (2d Ed., 1975 Sup.) § 55C (c).

Proof of probable cause as a condition of obtaining a prejudgment remedy is not as demanding as proof by a fair preponderance of the evidence. "The legal idea of probable cause is a bona fide belief in the existence of facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it." *Wall* v. *Toomey,* 52 Conn. 35, 36; see 6 Am. Jur. 2d, Attachment and Garnishment, § 599. In criminal proceedings, probable cause has been defined as "the knowledge of facts sufficient to justify a reasonable man in the belief that he has reasonable grounds for prosecuting an action." *Paranto* v. *Ball,* 132 Conn. 568, 571, 46 A.2d 6; *McGann* v. *Allen,* 105 Conn. 177, 186, 134 A. 810; see *State* v. *Wilson,* 153 Conn. 39, 41, 42, 212 A.2d 75.

Prejudgment attachment, although a useful and efficient remedy, can be harsh in its operation and liable to oppressive use because it is summary in its effects. Consequently, its application has been

confined within the limits set by statute. See annot., 86 A.L.R. 588. Generally, when an attachment affidavit is required by statute, the affidavit must state the nature of the plaintiff's claim and the amount of the indebtedness. Annot., 86 A.L.R., op. cit.; 6 Am. Jur. 2d, op. cit., § 264; see *Stephenson* v. *Kirtley,* 269 U.S. 163, 166, 46 S. Ct. 50, 70 L. Ed. 213. And in actions for unliquidated damages, the affidavit should state facts sufficient to enable the court to determine the probable amount of the damages involved. 7 C.J.S., Attachment, § 125 (b) (2). As a matter of general experience, a determination of a claim's probable validity normally will entail at least some consideration of the amount of damages which may be found upon a full trial. This implication is consistent with the teachings that a due process opportunity to be heard must be granted not only at a meaningful time but also in a meaningful manner; *Armstrong* v. *Manzo,* supra; and that "[s]ince the essential reason for the requirement of a prior hearing is to prevent unfair and mistaken deprivations of property . . . it is axiomatic that the hearing must provide a *real test.*" (Emphasis added.) *Fuentes* v. *Shevin,* supra, 97. This is true notwithstanding the fact that at the time of the hearing in this case General Statutes § 52-302 (Rev. to 1975) providing for the discharge of excessive attachments had not been repealed. See Public Acts 1976, No. 76-401, §§ 3 and 6, repealing § 52-302 and providing for the modification of a prejudgment remedy. In this case, the only reference to the amount of damages in the plaintiff's supporting affidavit is a statement that the applicant "will be required to expend great sums of money." In practice, if there is an uncontradicted statement in an affidavit that the affiant believes

that it is probable that a stated sum may be recovered upon a trial, and such belief is founded on reasonable subordinate facts, this will ordinarily be sufficient to support probable cause for an attachment. See annot., 86 A.L.R., op. cit. Although the plaintiff claims in its brief that certain concessions pertaining to the amount of probable damages were made at the hearing by the defendant's attorney; see *Housing Authority* v. *Pezenik,* 137 Conn. 442, 448, 78 A.2d 546; the finding as corrected does not support such a claim.

The conclusion of the court that there is probable cause to sustain the validity of the plaintiff's claim and that an attachment in the amount of $225,000 should be granted is not supported by the affidavit or the corrected finding. It cannot stand. *Terrace Estates* v. *New Britain,* 166 Conn. 469, 471, 352 A.2d 303; *Cecio Bros., Inc.* v. *Feldmann,* 161 Conn. 265, 271, 287 A.2d 374; Maltbie, Conn. App. Proc. § 166.

There is error, the judgment is set aside and the case is remanded for proceedings according to law.

In this opinion the other judges concurred.