[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PREJUDGMENT REMEDY
Plaintiff Westport Tile Design, Inc. contends that it has established probable cause to sustain the validity of its claim for $9,509.35 and is therefore entitled to a pre judgment remedy of attachment. The plaintiff claims that it performed work and furnished materials at Mr. C.J. Charnok's request and that Mr. C.J. Charnok agreed to pay for the work and materials. Defendant Charnok contends that in his dealings with the plaintiff he was acting on behalf of a corporation, C.J. Charnok, Inc., and is therefore not personally liable. I have found there is probable cause to sustain the validity of the plaintiff's claim. CT Page 2677
The Connecticut Supreme Court has recently described the trial court's function in considering an application for prejudgment remedy of attachment:
"`The language of our prejudgment remedy statutes; General Statutes 52-278a et seq.; requires that the court determine "whether or not there is probable cause to sustain the validity of the plaintiff's claim'; General Statutes 52-278d(a); that is to say `probable cause that judgment will be rendered in the matter in favor of the plaintiff.' General Statutes52-278c(a)(2). `The legal idea of probable cause is a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it.' Wall v. Toomey, 52 Conn. 35, 36 (1984). Probable cause is a flexible common sense standard. It does not demand that a belief be correct or more likely true than false. Texas v. Brown, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502
(1983). The hearing in probable cause for the issuance of a prejudgment remedy is not contemplated to be a full scale trial on the merits of the plaintiff's claim. The plaintiff does not have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim. Ledgebrook Condominium Assn., Inc. v. Lusk Corporation, 172 Conn. 577, 584,376 A.2d 60 (1977). The court's role in such a hearing is to determine probable success by weighing probabilities . . . ." New England Land Co., Ltd. v. DeMarkey, 213 Conn. 612, 619 (1990).
The evidence shows that in December of 1988, Mr. Charnok entered the showroom of Westport Tile Design, Inc. and asked an employee, Tom Meehan, for an estimate for the installation of tile in a house being built by Mr. Charnok. After Mr. Charnok and Mr. Meehan visited the house, Mr. Meehan orally agreed on behalf of the plaintiff tile-store to do the work. Later, Mr. Meehan orally agreed on behalf of the store to install tile in a house which was being renovated by Mr. Charnok.
In January 1989, the plaintiff store received a payment of $3,000 as a deposit on tile being purchased for the first project. The payment was made with a check drawn on the account of a corporation known as C.J. Charnok, Inc. Mr. Charnok is president and treasurer of C.J. Charnok, Inc.
After the plaintiff's employees finished the work, the plaintiff submitted bills to Mr. Charnok. The bills were directed to Mr. Charnok in his personal capacity. Payments were made with checks drawn on the account of C.J. Charnok, Inc. There is a balance due of $9,509.35.
During the contract negotiations, Mr. Charnok did not tell CT Page 2678 Mr. Meehan that a corporation was to be billed for the work. While Mr. Meehan was aware that Mr. Charnok was a builder, he was not aware that he did business through a corporate entity. Mr. Charnok did not tell the plaintiff's bookkeeper about the corporate entity.
Mr. Charnok's business was listed in the yellow pages of the phone book under the name of Charnok, C.J. Inc. Mr. Meehan did not use this listing but relied on a phone number given to him by Mr. Charnok.
"The question of whether the defendant disclosed his representative capacity in his dealings with the plaintiff is a question of fact." L. Suzio Concrete Co. v. Salafia, 3 Conn. App. 404,408 (1985). After weighing the probabilities, I have concluded that there is probable cause to sustain the validity of the plaintiff's claim.
The application for prejudgment remedy of attachment in the amount of $11,000.00 is granted.
THIM, JUDGE