[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PREJUDGMENT REMEDY
The plaintiff law firm seeks a pre judgment remedy of attachment in the amount of $40,000.00 to secure its claim for legal fees. The claim is for $39,479.60. The defendants contend they are not personally liable because the majority of services were rendered for a real estate company with which they were affiliated but not for their own account. They also contend the plaintiff agreed to compromise the claim and accept a part payment as payment in full. I have found there is probable cause to sustain the validity of the plaintiff's claim against defendant Bernard Bossom but not defendant Janet Bossom.
The Connecticut Supreme Court has recently described the trial court's function in considering an application for prejudgment remedy of attachment: CT Page 2860
"`The language of our prejudgment remedy statutes; General Statutes 52-278a et seq.; requires that the court determine "whether or not there is probable cause to sustain the validity of the plaintiff's claim'; General Statutes 52-278d(a); that is to say `probable cause that judgment will be rendered in the matter in favor of the plaintiff.' General Statutes52-278c(a)(2). `The legal idea of probable cause is a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary I caution, prudence and judgment, under the circumstances, in entertaining it.' Wall v. Toomey, 52 Conn. 35, 36 (1984). Probable cause is a flexible common sense standard. It does not demand that a belief be correct or more likely true than false. Texas v. Brown, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502
(1983). The hearing in probable cause for the issuance of a prejudgment remedy is not contemplated to be a full scale trial on the merits of the plaintiff's claim. The plaintiff does not have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim. Ledgebrook Condominium Assn., Inc. v. Lusk Corporation, 172 Conn. 577, 584,376 A.2d 60 (1977). The court's role in such a hearing is to determine probable success by weighing probabilities. . . ." New England Land Co., Ltd. v. DeMarkey, 213 Conn. 612, 619 (1990).
The evidence shows that the legal services were performed in connection with a real estate developed known as Easton Woods and in connection with the personal matters of Bernard Bossom. All the services were rendered at the request of Mr. Bossom. The defendants raise issues which may be presented at trial. The plaintiff has, however, presented sufficient evidence to establish probable cause to sustain its claim against Bernard Bossom. The evidence with respect to Janet Bossom is insufficient to establish probable cause.
The application for prejudgment remedy of attachment in the amount of $40,000.00 is granted as to defendant Bernard Bossom. The motion for disclosure of assets is also granted.
THIM, JUDGE