[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION FOR PREJUDGMENT REMEDY
Plaintiff, Savoy Linen Services, Inc., seeks a prejudgment remedy of attachment. It claims defendant Richard F. Capozzi owes $9,000.00 for linen services furnished to a restaurant. Richard Capozzi contests the application for an attachment on the grounds the services were furnished to a corporation which has since filed for protection under the bankruptcy laws. For the reasons stated below, I have granted the application.
The Connecticut Supreme Court has recently described the trial court's function in considering an application for prejudgment remedy of attachment:
 `The language of our prejudgment remedy statutes; General Statutes 52-278a et seq.; requires that the court determine "whether or not there is probable cause to sustain the validity of the plaintiff's claim'; General Statutes 52-278d(a); that is to say `probable cause that judgment will be rendered in the matter in favor of the plaintiff.' ___ General ___ Statutes 52-278c(a)(2). `The legal idea of probable CT Page 3786 cause is a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it.' Wall v. Toomey, 52 Conn. 35, 36
(1984). Probable cause is a flexible common sense standard. It does not demand that a belief be correct or more likely true than false. Texas v. Brown, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983). The hearing in probable cause for the issuance of a prejudgment remedy is not contemplated to be a full scale trial on the merits of the plaintiff's claim. The plaintiff does not have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim. Ledgebrook Condominium Assn., Inc. v. Lusk Corporation, 172 Conn. 577, 584, 376 A.2d 60 (1977). The court's role in such a hearing is to determine probable success by weighing probabilities. . . ."
New England Land Co., Ltd. v. DeMarkey, 213 Conn. 612, 619
(1990).
The evidence demonstrates that an officer of the plaintiff company dealt directly with the defendant and that the defendant did not disclose he was acting as the agent of a corporation. The evidence is sufficient for the issuance of a prejudgement remedy.
 [I]t is the duty of an agent to disclose not only the fact he is acting in a representative capacity, but also the identity of his or her principal if the individual seeks to avoid personal liability in a business transaction. . . . The individuals or entities with whom an agent deals are not bound to inquire as to whether the person is acting in a representative capacity.
Zolan, Bernstein, Dworken Klein v. Milone, 1 Conn. App. 43, 45
(1983).
The application for a prejudgment remedy of attachment to secure the sum of $9,000.00 is granted. CT Page 3787
GEORGE N. THIM, JUDGE