[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S APPLICATION FOR PREJUDGMENT REMEDY
The plaintiff is about to commence an action against Salvatore Cherenzio, III (Cherenzia), Salvatore Cherenzia, Jr. (Cherenzia, Jr.) and others for damages as a result of a claimed breach of a written lease and a personal guaranty claimed to be signed by Cherenzia and some of the other defendants. The plaintiff applied for a prejudgment remedy to CT Page 7304 attach Cherenna's real estate, and at the hearing held thereon, Cherenzia appeared by counsel, but was not personally present. Briefs were filed by both parties.
Initially, the defendant claimed that the personal guaranty of the defendant Cherenzia, Jr. terminated upon his death, and therefore, there was no consideration for the guaranty of Cherenzia. The defendant withdrew this claim in his brief.
Therefore, the sole issue remaining is whether, on the evidence presented by the plaintiff, probable cause can be found to support a PJR.
"(PJR) proceedings are not involved with the adjudication of the merits of the action brought by the plaintiff. . .They are only concerned with whether and to what extent the plaintiff is entitled to have property of the defendant held in the custody of the law pending adjudication of the merits of the action." Ledgebrook Condominium Association, Inc. v. Lusk Corporation, 172 Conn. 577, 583
(1977). The statutory scheme does not require a full scale trial on the merits; a plaintiff does not have to show that he will prevail, only, that there is probable cause to sustain the validity of his claim.
"Proof of probable cause as a condition of obtaining a PJR is not as demanding as proof by a fair preponderance of the evidence. The legal idea of probable cause is a bona fide belief in the existence of facts, essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it." Ledgebrook Condominium, supra, 584.
 II
The principal claim by the defendant appears that the signature of Cherenzia on the personal guaranty, was not I sufficiently authenticated, and therefore, the plaintiff failed to sustain his burden of proof. The court admitted the guaranty over the defendant's objection as Exhibit A, despite the plaintiff's inability to testify that the signature was in fact that of Cherenzia. However, there was testimony from the plaintiff that in 1989 he was represented by his brother, Attorney S. V. Faulise, concerning negotiations over a claimed breach of lease. In those negotiations, Cherenzia and his mother (defendant Frances Cherenzia) were represented by Attorney Michael L. Cozzolino a former member of the law firm now representing the defendants. The plaintiff testified that he received the guaranty (Exhibit A) from Atty. Faulise with all signatures on it; however, as appears from the exhibit, CT Page 7305 some of the guarantors' signatures (including that of Cherenzia) are not witnessed.
The plaintiff also introduced into evidence a copy of a letter from Attorney Cozzolino to Atty. Faulise dated January 12, 1990, as Exhibit B. Exhibit B refers to the "Cherenzia Guaranty" and states: "Enclosed please find the personal guaranty executed by all the parties." (emphasis added)
Admissions made by an attorney incidental to his general authority in connection with the matter entrusted to him are impliedly authorized and are admissible against the client. See Collens v. New Canaan Water Co., 155 Conn. 477, 496
(1967). Neither the defendant nor his defense counsel denied the authority of Cozzolino to act in the negotiations for them or to transmit the guaranty. When one attorney has offices in Rhode Island and the other in Hartford, it was entirely reasonable to conduct the transaction by mail. It was also entirely reasonable for Atty. Faulise to rely on the admission and representation in the course of his dealing with another attorney that ". . . the personal guaranty (was) executed by all the parties." Exhibit B. It sounds hollow from present counsel to cast doubts upon the authenticity of the signature of Cherenzia, in the context of a probable cause hearing, in the light of this evidence, especially in the absence of testimony from either the defendant or Cozzolino denying its authenticity.
The court concludes that there is probable cause that the defendant Cherenzia signed the guaranty, and hence there is probable cause to sustain the validity of the claim. As the parties stipulated that there was also probable cause that the plaintiff sustained damages in the amount of $142,222.67 the plaintiff's application is granted and a PJR may issue in the amount of $150,000.
TELLER, J.