[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPLICATION FOR PREJUDGMENT REMEDY
This is an action on a judgment entered in the Supreme Court in New York on February 22, 1991 against the defendants in this action, two other individuals and a corporation. The individual defendants were guarantors of a note signed by the corporation, Royal Coach Auto Repair, Inc. The defendants here were defaulted for failure to appear in the New York action. Subsequently, judgment was entered against all the defendants in that action for $124,126.95. The amount of $1,200.00 was paid on the judgment. Interest at 9 percent per year (the legal rate of interest in New York) is $7,160.48 as of October 15, 1991. The amount presently owed is $130,087.43.
The plaintiff has requested a pre judgment remedy ("PJR") against property of the defendants, John J. Cocozza and Mary C. Cocozza. For a PJR, the plaintiff only has to establish probable cause for the validity of the claim. Three S. Development Co. v. Santore, 193 Conn. 174,175. This is a lower level of proof than the standard at trial of proof by a preponderance of the evidence. Ledgebrook Condominium Assn., Inc. v. Lusk Corporation,172 Conn. 577, 583. The court weighs probabilities of success on both legal and factual issues. Babiarz v. Hartford Special, Inc., 2 Conn. App. 388, 393.
The only defense presented at the hearing was that the New York judgment was obtained by default against the defendants for failure to appear so that it is not a "foreign judgment" under section 52-604 of the General Statutes and entitled to enforcement under the Uniform Enforcement of Foreign Judgments Act, section 52-604 et seq. of the Connecticut General Statutes. Those statutes are not relied upon here by the plaintiff, and section 52-607 of the General Statutes recognizes that a judgment creditor can still proceed by an action on a foreign judgment. See Seaboard Surety Co. v. Waterbury, 38 Conn. Sup. 468, 470. CT Page 8536
The obligation involved here, a guaranty, resulted in a monetary judgment, which would also allow the plaintiff to rely on the Uniform Foreign Money-Judgments Recognition Act, section 50a-30 et seq. of the Connecticut General Statutes. No valid ground for nonrecognition of the New York judgment has been raised by the defendants, either under those statutes or as a defense to an action at common law on a foreign judgment.
The affidavit submitted and the testimony at the hearing establishes probable cause for a PJR of $145,000.00, allowing for interest accruing on the New York judgment.
ROBERT A. FULLER, JUDGE