[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION FOR PREJUDGMENT REMEDY
This is an action for the payment of a rental arrearage. The basic facts are as follows: Lawrence and Jennifer Goichman, as landlords, entered into a lease agreement with Leep Associates CT Page 1043 Limited Partnership (Leep) on February 7, 1987. The term of the lease was five years.
The tenant failed to pay rent for the months of July, August, September and October, 1991. By a promissory note, the defendant obligated itself to pay Stamford Computer Group, Inc., owned by plaintiff Lawrence Goichman, the amount of $63,646.68. This loan agreement was made in July 1990 at a time when the tenant was having difficulty paying rent. The tenant requested the landlords reduce the rent; the landlords refused. Then both parties agreed that the tenant would borrow one-half the monthly rent for a period from June 1, 1990 to May 1, 1990. The landlords decided they could not lend that amount, but proposed that Stamford Computer Group, Inc. do so. The tenant therefore borrowed the aforementioned sum, which included 11% interest from the corporation; the defendants, Pat Krisher and Maryann Krisher guaranteed payment. Checks were made to Leep Associates in monthly amounts of $4,891.20. No repayment was made by the defendants.
The plaintiffs have brought this action seeking damages. The tenant is still in possession of the premises. Based on the personal guarantees of the promissory note, the plaintiffs seek an attachment of the individual defendants' interests in real estate.
Connecticut courts have held that a determination regarding issuance of a prejudgment attachment of real property must be based upon a finding of civil probable cause. That was defined in Wall v. Toomey, 52 Conn. 35 (1884) as "a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it." (at 36).
The plaintiff does not have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim. One Fawcett Place Limited Partnership v. Diamandis Communications, Inc., 24 Conn. App. 524, 525 (1991); Three S. Development Co., v. Santore, 193 Conn. 174, 175 (1984); Ledgebrook Condominium Assn., Inc. v. Lusk Corporation, 172 Conn. 577, 583
(1977). In Connecticut et al v. Doehr, 59 LW 4589, June 4, 1991, the United States Supreme Court held that ex parte real estate attachments under Conn. Gen. Stat. 52-278e(a)(1) violate the Due Process clause of the United States Constitution. The defendants assert that the Court held the probable cause standard of proof unconstitutional. This Court does not agree with the defendants' premise.
The Supreme Court was not called upon to decide whether or not the probable cause standard violated federal due process. The Court's discussion of the probable cause standard was not only dicta; Halloran v. Byington, 5 Conn. L.RPTR, No. 7,161 (Nov. 18, 1991): it was CT Page 1044 also inconclusive. Discussing Conn. Gen. Stat. 52-278 e(a), 52-278 (c)(a)(2) 1991: and Ledgebrook, supra, and Anderson v. Nedovich,19 Conn. App. 85,88 (1989) the Court said, "(W)hat probable cause means in this context, however, remains obscure. . . . We need not resolve this confusion since the statute (52-278e (a)) presents too great a risk of erroneous deprivation under any of these interpretations." at 4590. The court is still speaking of "one-sided, self-serving and conclusory submissions" as the basis of ex parte orders.
The Doehr court was called upon to determine whether the issuance of an ex parte real estate attachment in a tort case, absent exigent circumstances, was an unconstitutional deprivation of property under any standard of review of the documents presented in support of the application for attachment.
In Union Trust v. Heggelund, 219 Conn. 620,624 (1991) the Connecticut Supreme Court indicated that Doehr would not apply where attachments were not ex parte. It added, "(E)ven if the attachments were ex parte, this is not a tort suit, but a suit on a debt." Then quoting Doehr, the court said "disputes between debtors and creditors more readily lend themselves to accurate ex parte assessments of the merits.'" at 4591.
The case before this court is significantly different from Doehr. No ex parte order was issued by the court. The defendants were given prior notice of the hearing on the subject of the attachment. They had an opportunity to confront the plaintiff Lawrence Goichman through cross-examination and the opportunity to testify in opposition. Furthermore, this case arises as the result of an alleged breach of a lease. "A lease is a contract for the possession . . . of lands . . . on the one side, and a recompense of rent or other income on the other. . . ." Jo-Mark Sand Gravel Co. v. Pantanella, 139 Conn. 598,601.
In Doehr, the Supreme Court referred to the threefold inquiry of Mathews v. Eldridge, 424 U.S. 319, 343-344 (1976), a case which involved termination of disability benefits without an evidentiary hearing. This three-fold inquiry was as follows: a) the consideration of the private interest affected; (2) the examination of the risk of erroneous deprivation and the probable value of additional or alternative safeguards: and (3) the principal attention to the interest of the party seeking the prejudgment remedy.
In this case the court recognizes that there will be a temporary deprivation of the use of the real estate to the defendants. However, the procedures followed by the court, to wit: a full evidentiary hearing attended by both parties prior to attachment are the very procedures absent in Doehr. These procedures minimize the risk of erroneous deprivation. The party CT Page 1045 seeking the prejudgment remedy had an interest: his property is being used by the defendants who are allegedly either breaching the lease agreement by paying no rent or who owe a significant sum on a promissory note.
Although the plaintiffs through the corporation, and the defendants as individuals, do not have a landlord-tenant relationship, they dealt with each other interchangeably both as individuals and as business entities regarding the issue of rental payments.
For the foregoing reasons the prejudgment remedy is granted in accordance with the plaintiffs' application for Order dated October 29, 1991.
LEHENY, JUDGE CT Page 1046
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 1047
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 1048
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 1049
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 1050
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 1051
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 1052
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 1053
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 1054