[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 8256
RE: MOTION FOR SUMMARY JUDGMENT
This is an action for specific performance and damages where the plaintiff claims that the defendants breached a contract to purchase a house in Weston. The plaintiff has filed a motion for summary judgment on the third and fourth counts of the second amended complaint. The third count is for liquidated damages of $72,500.00, based on a provision in the sales contract. The fourth count is for breach of contract.
A summary judgment may be granted if the pleadings, affidavits and other proof submitted with the motion show that there is' no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Connelly v. Housing Authority, 213 Conn. 354, 364. To prove that there is genuine issue as to any material fact the moving party must show that it is quite clear what the truth is, and that it excludes any real doubt as to the existence of any material fact. Fogarty v, Rashaw, 193 Conn. 442, 445. A material fact has been defined as a fact that will make a difference in the result in the case. Hammer v. Lumberman's Mutual Casualty Co.,214 Conn. 573, 578. In deciding whether there is a material issue of fact, the evidence is considered in the light must favorable to the non-moving party. Connell v. Colwell,214 Conn. 242, 246, 247.
The summary judgment procedure is not well adapted to cases of a complex nature. United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 375. The fourth count of the complaint incorporates allegations from the first and second counts, and claims on breach of contract, issuing a check which was dishonored because of insufficient funds, and fraudulent misrepresentation. The documents filed in support of and in opposition to the motion indicates that there are disputed factual issues to be decided and that the case is more complex than claimed by the plaintiffs. On a motion for summary judgment the court only decides whether there are genuine issues of material fact, but does not decide factual issues. Town Bank Trust Co. v. Benson, 176 Conn. 304, 306. In addition, a motion for summary judgment cannot be granted on factual issues comprising only part of a count of a complaint. Schofield v. Bic Corp., 3 Conn. L. Rptr. 229, 6 Conn. Super Ct. Rpts. 195
(1991). CT Page 8257
The judgment also cannot be granted on the third count. There are factual questions whether the events triggering the liquidating damages clause in paragraph 10 of the contract occurred, including claims that plaintiff was ready willing and able to perform the terms and conditions on its side of the contract, and whether the defendants have breached the agreement without just cause. Whether a factual basis exists for enforcing a liquidated damages clause in a real estate contract is at least partially a question of fact. Vines v. Orchard Hills, Inc., 181 Conn. 501, 504.
Even where there is no genuine issue as to any material fact, the moving party must prove that it is entitled to judgment as a matter of law. Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11. That is resolved by a applying to the established facts the same test as is used in determining whether a party would be entitled to a directed verdict on the same facts. Connelly v. Housing Authority, supra 364. In some cases liquidated damages clauses are not enforceable. See Vines v. Orchard Hill, Inc., supra.
The fact that a prejudgment remedy was granted at an earlier stage in this case is not controlling. In order to obtain a prejudgment remedy the moving party must only show that there is probable cause to sustain the validity of the claim, namely a genuine belief in the existence of facts which would warrant a reasonable person to entertain the claim. Three S. Development Co. vs. Santore, 193 Conn. 174, 175. This standard is not even as demanding as proof by a preponderance of the evidence in a civil action, Ledgebrook Condominium Ass'n. Inc. v. Lusk Corp., 172 Conn. 577, 583, which in turn is less than the standard required for a summary judgment. The defendants may also have other legal defenses to the plaintiff's claims, such as the statute of frauds and failure of consideration, but it is unnecessary to consider these defenses.
The motion for summary judgment is denied.
ROBERT A. FULLER, JUDGE CT Page 8258