[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this matter, Pioneer Electronics (USA) Inc. seeks a prejudgment remedy against defendants John Gissas and Clara J. Gissas. The request is based on an individual guaranty to Pioneer dating from June of 1993, bearing the names of John Gissas and Clara J. Gissas. Hearings in this matter were held on February 28, 1994, April 15, 1994, and May 20, 1994. At the court's request, the parties have submitted memoranda of law concerning various issues. These will now be briefly addressed.
(1). Should plaintiff be permitted to broaden the scope of the inquiry of the PJR hearing?
Plaintiff initially sought a prejudgment remedy based on its original proposed complaint dated February 8, 1994. In the midst of the ongoing hearing, on May 13, 1994, plaintiff sought to amend its complaint in an effort to broaden the scope of the hearing. This followed testimony creating doubt as to whether Clara Gissas had signed the individual guaranty, and John Gissas' invocation of his Fifth Amendment privilege. The court reserved ruling on the request to amend. That request is now denied.
Plaintiff has cited no authority for the proposition that a complaint may be amended, to the detriment of a defendant, CT Page 6146 in the midst of an ongoing PJR hearing, after initial PJR pleadings have been served, thereby initiating a PJR hearing.
Attachments statutes have traditionally been construed strictly as noted in defendant John Gissas' memorandum of June 22, 1994. Ledgebrook Condominium Associates, Inc. v.Lusk Corporation, 172 Conn. 577 (1977). In this case, plaintiff's attempt to amend seeks to significantly alter the nature of its initial claim against defendants.
The court generally endorses the arguments put forth by John Gissas in his June 22 memorandum on this issue. This ruling is without prejudice to plaintiff seeking to amend its complaint in the future to broaden its scope.
(2). Should a prejudgment remedy be granted, and if so, against whom, and in what amount?
The evidence establishes that there is probable cause to believe that plaintiff will prevail in its claim in the original complaint against John Gissas. John Gissas concedes as much. Consequently, the court grants plaintiff's request for a prejudgment remedy of attachment in the amount of $675,000.00, taking into account interest, attorney's fees, and costs.
The evidence fails to establish probable cause that plaintiff will prevail in its claim against Clara Gissas.
The court declines plaintiff's request to impose a constructive trust on the assets of Clara Gissas, specifically on real property at 12 Sherry Drive, Southington. Based on the allegations made in the original complaint of February 8, 1994, and the evidence produced at the hearing, such an action is not justified at this time.
DOUGLAS S. LAVINE JUDGE, SUPERIOR COURT CT Page 6147