[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an application for a prejudgment remedy brought by a law firm against a former client for the collection of legal fees. The plaintiff had represented the defendant in a dissolution of marriage action brought by the defendant herein. The plaintiff and the defendant entered into a retainer agreement setting forth the obligations of the parties with respect to the representation. The hourly rate set forth in the agreement for partner Edward Nusbaum was $300 and for that of partner Thomas Parrino $225. The agreement contained the following language: "The firm will use its best efforts to ensure that you are satisfied not only with our services, but also with the reasonableness of the fees and disbursements charged for those services." The dissolution case was not tried but was settled prior to trial. There was testimony, not disputed, that the total billings of the firm to the defendant was $28,354.50. The charges were set forth in detail in regular billings with a breakdown showing the service performed, the hours expended, and the charges therefore.
The plaintiff claims that the defendant paid all but CT Page 5261-QQQ $9,922.50 of the billings, and seeks to recover that sum from the defendant. The defendant claims that (a) there were duplications of charges, and (b) an accord was reached by the parties when the plaintiffs offered to reduce the bill by $5,000.
The circumstances under which a prejudgment remedy may be granted, after a hearing, are governed by Connecticut General Statutes § 52-278d(a).[1]
To establish probable cause under the statute, a plaintiff must show that there is probable cause that a judgment in the amount of the prejudgment remedy sought will be rendered in favor of the plaintiff.[2] The concept of probable cause involves abona fide belief in the existence of facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it. New England Land Company, Ltd. v. DeMarkey,213 Conn. 612, 620, 569 A.2d 1098 (1990); Wall v. Toomey, 52 Conn. 35,36 (1884). Kusek v. Wein, Superior Court, Stamford/Norwalk Judicial District at Stamford, Docket No. CV95 0144787 S (June 2, 1995, D'Andrea, J.)
The defendant first claims that there were duplications of charges in the plaintiff's killings. The court notes that the statements showed conferences between partners Nusbaum and Parrino, and with the defendant and the two of them, where the defendant was charged for both partners' time. This produced an hourly rate of $525 per hour in some instances. The retainer agreement does not adequately inform the defendant that some of the firm's time would be billed at the rate of $525 an hour and she might well have viewed that as duplication of fees. The retainer letter also include a representation that "the firm will use its best efforts to ensure that you are satisfied not only with our services, but also with the reasonableness of the fees and disbursements charged for those services." The court finds that the plaintiff did not use its best efforts to see that the defendant was satisfied with the reasonableness of its fees.
The defendant's next claim in defense is that the parties reached an accord when the plaintiff offered to reduce the balance due by $5,000. She testified that she accepted the offer and sent the plaintiffs a check for $1,000 on account. The plaintiff, through Mr. Parrino, testified that the offer required a cash payment in full and not in installments. The court finds that whether there indeed was an accord reached is problematic. CT Page 5261-RRR But it also finds that in rejecting the defendant's offer to pay the reduced balance in reasonable installments the plaintiff did not "use its best efforts to ensure that . . . [defendant was] satisfied . . . with the reasonableness of the fees. . ."
In undertaking the probable cause analysis under our prejudgment remedy statute, a court is required to consider the amount being sought. Union Trust Co. v. Heggelund, 219 Conn. 620,494 A.2d 464 (1991); Ledgebrook Condominium Assn. Inc. v. LuskCorporation, 172 Conn. 577, 585, 376 A.2d 60 (1977).
The court does not have "a bona fide belief in the existence of facts essential under the law . . ." to warrant the court finding that the sum of $9,922.50 is due to the plaintiff.
Nevertheless, the court does find probable cause that a judgment will be rendered in favor of the plaintiff in the approximate amount of $5,000. Accordingly, a prejudgment remedy may issue in the amount of $6,000, in the form of an attachment on the real property of the defendant described in the plaintiffs application.
So ordered.
Dated at Stamford, Connecticut, this 2nd day of August, 1996.
D'ANDREA, J.