[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER
The plaintiff has demonstrated by detailed facts that there is probable cause to bring a potential cause of action against the named defendant and, perhaps, other health care providers of Adrian Isom. See Affidavit of Nathan Julian Shafner, dated January 18, 2000. The parties correctly recognized that the options under which an employee may sue his/her employer for wrongdoing are extremely limited and demanding. See Suarez v.Dickmont Plastics Corp., 242 Conn. 255 (1997). Proof of probable cause, however, is not as demanding as proof by a fair preponderance of the evidence. Ledgebrook Condominium Assn.,Inc. v. Lusk Corp., 172 Conn. 577, 584 (1977). In Bergerv. Cuomo, 230 Conn. 1 (1994), our Supreme Court set forth the requirements necessary to maintain a bill of discovery; the plaintiff has met the standard. The defendant's concerns regarding the privileges provided by General Statutes §§ 52-146d
and 52-146q have been waived by counsel for Mr. Isom's estate. CT Page 4116
The Petition for Bill of Discovery is granted. The defendant is ordered to make its employees available to testify under oath by deposition and to produce documents and written materials as requested in the plaintiff's amended Exhibit A, dated January 19, 2000.
Martin, J.